UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IVAN DELCHEV IVANOV,<br><br>                  Plaintiff,<br><br>v.<br><br>FITNESS ELITE TRAINING CENTER, INC., an Idaho corporation, DAN MAUGER, and BROOKE MAUGER<br><br>                  Defendants. | Case No. 1:20-cv-00380-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Before the Court is Plaintiff Ivan Delchev Ivanov's motion to strike Defendants' statement of material facts in support of Defendants' motion for reconsideration. (Dkt. 102.) The motion is fully briefed. In the alternative, Defendants filed a motion for leave to file/for the Court to accept the statement of facts as an overlength brief. (Dkt. 107.) In the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be aided by oral argument, the motions will be decided on the record presently before the Court. Dist. Idaho L. Rule 7.1(d). For the reasons that follow, the Court will grant Plaintiff's motion and deny Defendants' motion.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

On August 11, 2023, Defendants filed their Motion for Reconsideration. (Dkt. 101.) In support of their Motion, Defendants filed a Memorandum in Support of Defendants' Motion for Reconsideration (the "Memorandum") and a Statement of Material Facts in Support of Defendants' Motion for Reconsideration (the "Statement"). (Dkts. 101-1, 101-2.)

On August 16, 2023, Plaintiff filed his Motion to Strike Defendants' Statement of Material Facts. (Dkt. 102.) Plaintiff also filed his Motion to Shorten Time for the briefing deadlines with regard to the Motion to Strike Defendants' Statement of Material Facts. (Dkt. 103.) The Court granted the Motion to Shorten time on August 12, 2023. (Dkt. 104.)[1]

On August 22, 2023, Defendants filed—along with their response in opposition to Plaintiff's Motion to Strike—their Motion for Leave to file/For Court to Accept Overlength Brief. (Dkt. 107.)

## LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious

---

[1] "Upon consideration of Plaintiff's Motion to Shorten Time (Dkt. 103 ), the Court finds good cause to grant the motion. Accordingly, Defendants' time to file their response to the Motion to Strike (Dkt. 102 ) is hereby shortened to August 22, 2023, and Plaintiff's time to file an optional reply is shortened to August 25, 2023. It is so ordered." (Dkt. 104.)

**MEMORANDUM DECISION AND ORDER - 2**

issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). The Court has broad discretion in disposing of motions to strike. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993) rev'd on other grounds 510 U.S. 517 (1994).

## DISCUSSION

Plaintiff argues that the Statement filed with Defendants' Motion for Reconsideration is procedurally and substantively improper. Plaintiff requests the Court to strike the Statement from the record. Defendants contend that the Statement of Material Facts was prepared and filed in accordance with Local Civil Rule 7.1, and that they wish to put forth "new evidence" introduced at trial after the Court ruled on summary judgment motions. As fully addressed below, the Court will grant Plaintiff's motion to strike.

I. <u>Plaintiff's Motion to Strike</u>

    a. *There is no procedural basis for Defendants to submit the Statement of Material Facts with their Motion for Reconsideration.*

Defendants' submission of the Statement of Material Facts is procedurally improper. Defendants indicate that they submitted the Statement pursuant to Local Civil Rule 7.1(b)(1), as well as Federal Rule of Civil Procedure 56 and 69. However, as Plaintiff argues, the rules do not permit Defendants to file the Statement of Material Fact in support of their motion for reconsideration.

First, Rule 56 does not apply to a motion for reconsideration. Defendants argue that, because their Motion seeks reconsideration of an aspect of the Court's Order on

**MEMORANDUM DECISION AND ORDER - 3**

Defendants' Motion for Summary Judgment (Dkt. 46), the Statement is procedurally proper under Rule 56.  Although the basis for Defendants' request for reconsideration is directly related to the Court's ruling on Defendants' Motion for Summary Judgment, the current motion is not before the Court under Rule 56.  Therefore, although Rule 56(c)(1)(4) allows for the submission of affidavits or declarations setting forth facts that may be admissible in evidence at trial, Rule 56 is not applicable to motions for reconsideration, in general, and in this case, after trial.  Thus, Rule 56 does not provide a procedural basis for Defendants' submission of their Statement.

Relatedly, Rule 59 also does not allow for Defendants to file the Statement of Material Facts.  Although Defendants' Motion for Reconsideration is not made pursuant to Rule 59 per se, neither the Federal Rules of Civil Procedure nor the Local Rules provide for a motion to reconsider after trial.  As such, the Ninth Circuit has instructed that motions for reconsideration should be evaluated pursuant to Rule 59(e).  *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1419 (9th Cir. 1984).  Rule 59(e) does not allow for the parties' submission of a statement of material facts.  Thus, Rule 59 does not provide a procedural basis for Defendants' submission of their Statement.

Local Rule 7.1 also does not allow for Defendants to submit the Statement of Material Facts with their motion. Local Rule 7.1(b)(1) requires that motions "be accompanied by a separate brief…containing all of the reasons and points and authorities relied upon by the moving party." Defendants argue that, because Local Rule 7.1(b)(1) also requires moving parties to file a separate statement of all material facts when filing a

**MEMORANDUM DECISION AND ORDER  - 4**

motion for summary judgment under Rule 56, [2] Defendants held a reasonable belief that their submission of the Statement was required.  However, as stated previously, the motion presently before the Court is not a motion for summary judgment.  In sum, Local Rule 7.1 does not provide a procedural basis for Defendants' submission of the Statement of Material Facts with their motion for reconsideration.

> b. *There is no substantive basis for Defendants to submit the Statement of Material Facts with their Motion for Reconsideration.*

Defendants' Statement of Material Facts is also substantively improper because numerous "facts" included in the Statement of Material Facts are unambiguously argumentative and simply a continuation of Defendants' arguments set forth in their Memorandum.  For example, in paragraphs 3 through 7 of the Statement, Defendants offer recitations of summary judgment proceedings and trial, with legal argument commingled (e.g., "Despite that fact, and despite the controlling Idaho law requiring the opposite decision be reached, the Court concluded that the "liquidated damages provision in the Agreement qualifies as "wages" under the IWCA[.]"  (Dkt. 101-2, at ¶ 4.)).

Defendants contend that it was appropriate to file the Statement of Material Facts as to "new evidence" introduced at trial, new facts, and new procedural history not otherwise available at the time they filed their motion for summary judgment, and relevant to the Court's consideration of the motion for reconsideration.  (Dkt. 106 at 2.)

---

[2]     If the Court were to find Rule 56 applicable to motions for reconsideration, Plaintiff would incur the expense of drafting and filing a statement of disputed facts in response to Defendants' Statement and in opposition to Defendants' motion.  Dist. Idaho Loc. Civ. R. 7.1(c)(2).  Given trial has already occurred, however, such an expenditure of time and money would be redundant and immaterial.  *See* Fed. R. Civ. P. 12(f).

**MEMORANDUM DECISION AND ORDER  - 5**

However, the Court will make findings of fact and conclusions of law as to the evidence introduced at trial pertinent to Plaintiff's claim under the Idaho Wage Claim Act, thereby rendering the Defendants' interpretation of the "full record" unnecessary at this time. Further, as Plaintiff accurately points out, the Statement goes beyond offering "new evidence" unavailable when Defendants filed their motion for summary judgment. Instead, Defendants raise arguments that go beyond the scope of those addressed in the Memorandum. Therefore, the Statement of Material Facts is substantively improper.

II.     Defendants' Motion for Leave to File/For Court to Accept Overlength Brief

In the alternative, Defendants propose that, rather than striking the Statement of Material Facts from the record, the Court allow for the submission of the Statement of Material Facts vis-à-vis accepting an overlength brief for Defendants' Motion for Reconsideration. As discussed below, the Court will deny Defendants' Motion.

First, Defendants failed to seek leave to file an overlength brief prior to filing their motion for reconsideration. Idaho Local District Civil Rule 7.1(a)(2) provides that, without the Court's express leave, which will be granted only under unusual circumstances, a party's brief in support of a motion is limited to twenty pages in length. This rule promotes manageable filings for the Court as well as "adversarial equilibrium" for the parties. *W. Mortg. & Realty Co. v. KeyBank Nat'l Ass'n*, No. 1:13-cv-00216-EJL-REB, 2015 WL 13841443, at *2 (D. Idaho March 5, 2015). "[I]t is incumbent upon [the party seeking to file an overlength brief] to proffer those [unusual] circumstances to the Court before actually filing any overlength briefing." *Murray v. City of Bonners Ferry &*

**MEMORANDUM DECISION AND ORDER  - 6**

*Joel Minor*, No. 2:15-cv-00081-REB, 2016 WL 3198232, *2 (D. Idaho June 8, 2016). Despite that Local Rule 7.1(a)(2) requires a party to first obtain permission before filing an overlength brief, courts have occasionally granted belated requests for overlength briefing. *See, e.g., W. Mortg. & Realty Co.*, 2015 WL 13841443 at *2 (refusing to "undo the overlength filings"). Here, Defendants failed to comply with Local Rule 7.1(a)(2) by not seeking leave of the Court prior to filing the excess pages in the form of the Statement of Material Facts.

Additionally, Defendants did not offer any "unusual circumstances" explicitly warranting the need to file an overlength brief. Although Defendants contend that striking the Statement of Facts is an "extreme result," and accepting an overlength brief is a more equitable remedy, for the reasons articulated above, the Court finds that the Statement of Material Facts is unnecessary for the Court's full consideration of the Motion for Reconsideration. Thus, the Court will deny Defendants' motion.

## CONCLUSION

Based on the foregoing, the Court will grant Plaintiff's Motion to Strike and deny Defendants' Motion for Leave to File.

**MEMORANDUM DECISION AND ORDER  - 7**

**ORDER**

1) Plaintiff's Motion to Strike (Dkt. 102) is GRANTED.

2) Defendants' Motion for Leave to File or for Court to Accept Overlength Brief (Dkt. 107) is DENIED.

DATED: August 30, 2023

_____
Honorable Candy W. Dale
United States Magistrate Judge