UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IVAN DELCHEV IVANOV,<br><br>                    Plaintiff,<br><br>v.<br><br>FITNESS ELITE TRAINING CENTER,<br>INC., an Idaho corporation, DAN<br>MAUGER, and BROOKE MAUGER<br><br>                    Defendants. | Case No. 1:20-cv-00380-CWD<br><br>**MEMORANDUM AND DECISION<br>RE: MOTION FOR RECONSIDERATION<br>(DKT. 101)** |

## INTRODUCTION

Before the Court is Defendants' Motion for Reconsideration. (Dkt. 101.)  The motion is fully briefed and at issue.  The facts and legal arguments are adequately presented in the briefs and record.  Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motion is decided based on the record without oral argument.  For the reasons that follow, the Court will deny the motion.

## FACTUAL BACKGROUND

This case arises from Plaintiff's claim that Defendant Fitness Elite breached the Head Coach Employment Agreement by terminating his employment as the Head

Wrestling Coach for Fitness Elite without cause.[1]  On July 30, 2020, Plaintiff initiated this lawsuit by filing a complaint raising five causes of action: 1) breach of contract; 2) unpaid wages under the Idaho Wage Claim Act ("IWCA"), Idaho Code Ann. § 45-615; 3) breach of the implied covenant of good faith and fair dealing; 4) claim to pierce the corporate veil; and 5) quasi-estoppel.  (Dkt. 1.)

The parties each filed summary judgment motions that were separately briefed. (Dkt. 32, 35.)  The Court heard argument on the motions and, on November 17, 2022, issued a memorandum decision and order.  (Dkt. 46.)  The Court granted summary judgment in favor of Plaintiff, in part, finding that, as a matter of law, the liquidated damages provision in the Agreement would qualify as "wages" under the IWCA, if the jury determined that Plaintiff's employment with Fitness Elite was terminated without cause. Summary judgment was denied as to all the remaining claims and defenses.  (Dkt. 46.)

A jury trial was held in this matter and, after deliberations on July 28, 2023, the jury returned a verdict in favor of Plaintiff on his claims for breach of contract and breach of the implied covenant of good faith and fair dealing.[2]  (Dkt. 93.)  Most specific to this

---

[1] Because the facts are well known to the parties and Court as reflected in summary judgment related filings and during evidence at trial, they will not be recited in full here.

[2] The equitable claims of piercing the corporate veil and quasi-estoppel were submitted to the jury for an advisory verdict pursuant to Rule 39(c)(1).  (Dkt. 81.)  The jury found that Defendant Dan Mauger was personally liable for Defendant Fitness Elite's obligations, and that Defendant Brooke Mauger was not personally liable.  The jury also found in Plaintiff's favor regarding his quasi-estoppel claim.  (Dkt. 93.)

motion, the jury found Plaintiff's employment was terminated without cause and awarded the amount of $660,000.00, the remaining balance of the annual base salary due to Plaintiff for the ten-year term of the Agreement.

On August 11, 2023, Defendants filed the present motion seeking reconsideration regarding whether the payment due to Plaintiff within 60 days of  the no-cause termination of his employment, as provided by the Agreement, qualifies as "wages" under the IWCA.  (Dkt. 101.)  The Court affirms its prior ruling and finds as follows.

## STANDARD OF LAW

The Court has the "inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."  *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks and emphasis omitted). Although courts have authority to reconsider prior orders, they "should be loath to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)).

Federal Rules of Civil Procedure 59(e) and 60(b) each set forth the grounds for reconsideration of a prior order.  *See* Fed. R. Civ. P. 59(e) and 60(b).  The Court has "distilled various grounds for reconsideration of prior rulings into three major grounds for justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) the need to correct a clear error or to prevent manifest injustice." *Vanzant v. Wilcox*, Case No. 1:15-cv-00118-

EJL-CWD, 2016 WL 6986133, at *1 (D. Idaho Nov. 28, 2016).

## ANALYSIS[3]

The narrow question presented on this motion is whether the jury's award of $660,000.00, despite the reference to "liquidated damages" in the Agreement, qualifies as wages under the IWCA, thereby allowing Plaintiff to recover trebled damages under I.C. § 45-615.  The parties sharply disagree whether the liquidated damages afforded by the provision at issue are precluded as wages as a matter of law.

Defendants argue the damages afforded to Plaintiff under the Agreement do not qualify as wages under the IWCA, because the plain and unambiguous language of the Agreement provides for liquidated damages in the event of termination of employment without cause.  (Dkts. 101, 115.)  Further, Defendants maintain that the liquidated damages provision is not akin to severance pay, but rather the provision qualifies as "future wages" that are outside the scope of the IWCA.  Therefore, Defendants assert the damages owed to Plaintiff under the Agreement are not subject to trebling pursuant to the IWCA.

Plaintiff disagrees, arguing Defendants' reliance on the Agreement's term of "liquidated damages" as a means to preclude the Court from finding that the damages owed qualify as wages is an oversimplification of Idaho law.  (Dkt. 114.)  To the

---

[3] In addition to their objections to Defendants' substantive argument, Plaintiff also objects to the timing of this motion and to whether Defendants have sufficiently identified where the Court has committed "clear error" in issuing its memorandum decision and order on November 17, 2022.  (Dkt. 102, 114.)  However, the Court will forego addressing the procedural objections and focus on the merits of whether the jury's award qualifies as "wages" under the IWCA, as set forth in Defendants' motion.

contrary, Plaintiff asserts that, in light of the Agreement as a whole, the provision at issue contemplates severance pay and thereby qualifies the damages owed to Plaintiff as wages, subject to trebling, under the IWCA.  (Dkt. 114.)

On this motion, Defendants rely on case law where an arbitrator first found damages owed under a liquidated damages clause did not constitute wages, because they were not compensation for services rendered.  (Dkt. 101) (citing *Moore v. Omnicare*, 118 P.3d 141, 151-152 (Idaho 1995)).  Defendants argue the plain and unambiguous language in the Agreement demonstrates that the parties intended "liquidated damages" to operate merely as a liquidated damages provision, not as severance pay or a salary substitute. (Dkt. 60) (citing Dkt. 46 at 26-29) (Order finding the damages provision at issue qualifies as "wages" under the IWCA.)  The Court disagrees.

The cases cited by Defendants do not foreclose applicability of the IWCA to provisions like the one in the Agreement simply due to the "liquidated damages" characterization that Defendants hitch their hats to in this case.  Indeed, the Idaho Supreme Court in *Moore* reiterated that the definition of wages includes any ascertainable unpaid commissions and bargained-for compensation.  *Moore*, 118 P.3d at 151 (citing *Polk v. Larrabee*, 17 P.3d 247, 253 (Idaho 2000); *Neal v. Idaho Forest Indus., Inc.*, 691 P.2d 1296, 1298 (Idaho Ct. App. 1984).  The lower court in *Moore*, in reviewing an arbitration award, found that the damages arising under the liquidated damages provision in the contract at issue resembled future wages.  *Moore*, 118 P.3d at 151.  Therefore, the lower court and the Idaho Supreme Court affirmed the arbitrators' denial of treble damages on Moore's breach of contract claim.  *Id.*

**MEMORANDUM DECISION AND ORDER - 5**

The limited analysis by the court in *Moore* does not extend beyond its finding to the factual situation presented in that case, however.  Although the *Moore* decision recognized that some damage provisions, like the liquidated damages provision in Moore's employment agreement, do not include wages covered by the IWCA, the analysis stopped short of instructing courts on how to interpret contractual language when determining the parties' intent and distinguishing which damage provisions cover or include wages and which ones do not.  Rather, later case law in Idaho has expanded upon this corollary finding in *Moore* and more fully provided guidance in determining whether a payment due under a contractual agreement constitutes wages under the IWCA.  Thus, the Court here will not stop short and limit its analysis simply because the Agreement titles the damages owed to Plaintiff upon the no-cause termination of his employment as liquidated damages, as argued by Defendants.

The determination of whether the damages owed to Plaintiff constitute wages under the IWCA is dependent on the intent of the parties at the time the Agreement was consummated. At issue here, Section 6(B)(a) of the Agreement provides:

> If Coach is terminated without cause during the term of this Agreement, School will pay Coach the remaining balance of the Contract.  The remaining balance calculation shall be prorated as of the date of termination.  These liquated [sic] damages shall be paid in a single lump amount with said payment to be made within 60 days of Coach ceasing to be an employee of School.

(Trial Ex. 101.)  Although the court in *Moore* recognized that wages include any ascertainable unpaid commissions and bargained-for compensation, the court failed to analyze whether the liquidated damages provision "[was] bargained-for compensation for

MEMORANDUM DECISION AND ORDER - 6

employment services." *Johnson v. Allied Stores Corp.*, 679 P.2d 640, 644 (1984).  Here, the analysis required is more analogous to that applied in *Johnson*, *Huber*, *Sarbacher,* and *Savage* than to that applied in the case law relied on by Defendants.

In the cases where the courts found the payment of damages to constitute wages, the analysis hinged on whether the provision at issue was part of the bargained-for compensation for employment services.  *See Huber v. Lightforce USA, Inc.*, 367 P.3d 228, 237 (Idaho 2016) (citing *Johnson*, 679 P.2d at 644); *see also Sarbacher v. AmeriCold Realty Trust*, No. 1:10-cv-429-BLW, 2011 WL 5520442, at *7-8 (D. Idaho Nov. 14, 2011).  Thus, the Court's analysis involves determination of the parties' intent underlying the "liquidated damages" provision in the Agreement.  Specifically, the Court must determine whether the liquidated damages provision in the Agreement was a part of the compensation bargained for in the agreement of employment, and whether the damages owed for breach of the Agreement are intended to compensate Plaintiff for past service as an employee.  *See Huber*, 367 P.3d at 239-240; *see also Sarbacher*, 2011 WL 5520442, at *7.

First, contrary to Defendants' argument and heavy reliance on *Moore*, labels are not necessarily controlling.  *Sarbacher*, 2011 WL 5520442, at *9.  Although the Agreement does not use the term "severance," the content and effect of the liquidated damages provision is much akin to a severance pay provision that would apply with a no-cause termination of the employment relationship.  Thus, as aforementioned, the term "liquidated damages" is not enough to foreclose applicability of the IWCA for the damages found due and owing to Plaintiff.

**MEMORANDUM DECISION AND ORDER - 7**

Second, the damages provision for a no-cause termination was bargained for by Plaintiff when entering into the Agreement.  The testimony and evidence offered at trial was consistent in demonstrating such.  The initial draft of the Agreement contains handwriting by Dan Mauger that he added during his discussion with Plaintiff, demonstrating that termination of Plaintiff's employment without cause during the "life" of the Agreement would require the payment of the balance owed at the time of the termination.  This change to "life" of the Agreement, rather than a structured payment based on the completion of interim periods of employment during the ten-year term, clearly evidences the intent memorialized in the final Agreement.  (Trial Ex. 202.)[4]

Further, Section 1 of the Agreement explicitly sets forth the parties' mutual desire for Plaintiff to serve as the Head Coach for the entire term of the Agreement, with "a long-term commitment by the Parties being critical to [Plaintiff's] decision to enter into this Agreement and to the success of the Wrestling Program." (Trial Ex. 101.)  Severance pay is not attributed to, or earned in a specific pay period, but, is earned over the entire course of the employment relationship.  *See Johnson*, 679 P.2d at 367.  Because of the significance placed on maintaining a long-term relationship between the parties, Fitness Elite intended to compensate Plaintiff for the labor or services he would provide during

---

[4] At trial, Dan Mauger testified that he and Plaintiff negotiated the provision at issue. Specifically, Mr. Mauger testified that, in Section 6(B)(a) of the initial draft, he crossed out the time-based structure conditioning the School's payment to Plaintiff upon termination of his employment without cause. Further, he testified that he wrote that the School would pay Plaintiff the "remaining amount on [the] contract" with an exclamation point.

the full ten-year term of the Agreement, however long his employment lasted, if it was terminated by Fitness Elite without cause.

Contrary to Defendants' argument, the liquidated damages at issue here do not constitute unearned future wages.  In distinguishing between future wages and those subject to the IWCA, the Court looks to whether the employee is entitled to the wages for services rendered or whether there is more they must do in order to be entitled to the payment of wages.  *Savage v. Scandit, Inc.*, 417 P.3d 234, 238 (Idaho 2018) (citing *Moore*, 118 P.3d at 151; *Nettleton v. Canyon Outdoor Media, LLC*, 408 P.3d 68 (Idaho 2017)).  Here, the payment of wages for the balance of the Agreement was conditioned only upon the termination of Plaintiff's employment without cause, and nothing more.  Thus, the provision here does not constitute future wages.

## CONCLUSION

Based on the foregoing, the Court finds no clear error in its initial decision on summary judgment regarding the damages provision in the Agreement falling under the IWCA.  Further, the evidence presented at trial, specifically with respect to the intent of the parties in entering into the Agreement, bolstered the correctness of the Court's classification of the payment due to Plaintiff with a no-cause termination as wages under the IWCA.  Therefore, the trebling provision in the IWCA, specifically I.C. § 45-615, applies to the jury's award of damages for breach of contract.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that Defendants' Motion to

Reconsider (Dkt. 101) is **DENIED**.

DATED: October 6, 2023

Honorable Candy W. Dale
United States Magistrate Judge