UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IVAN DELCHEV IVANOV,<br><br>                Plaintiff,<br><br>v.<br><br>FITNESS ELITE TRAINING CENTER, INC., an Idaho corporation, DAN MAUGER, and BROOKE MAUGER<br><br>                Defendants. | Case No. 1:20-cv-00380-CWD<br><br>**MEMORANDUM DECISION AND ORDER RE: MOTION FOR ENTRY OF JUDGMENT (DKT. 99)** |

## INTRODUCTION

Plaintiff Ivan Delchev Ivanov filed this action against Defendants Fitness Elite Training Center, Inc., Dan Mauger, and Brooke Mauger, alleging the termination of his employment without cause and in breach of the Head Coach Employment Agreement. The Complaint asserted five causes of action against Defendants: (1) breach of contract; (2) unpaid wages under the Idaho Wage Claim Act (IWCA); (3) breach of the implied covenant of good faith and fair dealing; (4) claim to pierce the corporate veil; and (5) quasi-estoppel. A jury trial was held in this matter and after deliberation on July 28, 2023, the jury returned a verdict in favor of Plaintiff on his claims for breach of contract and breach of the implied covenant of good faith and fair dealing. (Dkt. 93.)

**MEMORANDUM DECISION AND ORDER – 1**

The equitable claims of piercing the corporate veil and quasi-estoppel were submitted to the jury for an advisory verdict pursuant to Rule 39(c)(1). (Dkt. 81.) The jury found that Defendant Dan Mauger was personally liable for Defendant Fitness Elite's obligations, Defendant Brooke Mauger was not personally liable, and found in Plaintiff's favor on his quasi-estoppel claim. (Dkt. 93.) The Court later adopted the jury's verdict, issuing its Findings of Fact and Conclusions of Law. (Dkt. 118.)

Pending before the Court is Plaintiff's Motion for Entry of Judgment. (Dkt. 99.) The parties have fully briefed the motion and it is now ripe for the Court's consideration. Having reviewed the record herein, the Court finds the facts and legal arguments are adequately presented in the brief and record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motion will be decided on the record before the Court. Dist. Idaho Loc. Civ. R. 7.1.

Given the Court has separately issued its findings of fact and conclusions of law on the equitable claims, this memorandum does not readdress the same. Also, given the Court has separately denied Defendants' Motion for Reconsideration regarding the IWCA claim (Dkt. 117), this memorandum does not readdress the issue of trebling the $660,000.00 damage award for breach of contract. Therefore, the discussion that follows will address only Plaintiff's claim for trebling the fringe benefits award and his claims for prejudgment interest.

**MEMORANDUM DECISION AND ORDER – 2**

# ANALYSIS

I. **The trebling provision of the Idaho Wage Claim Act does not apply to the award of the fringe benefits.**

At trial, the jury determined that Fitness Elite breached the implied covenant of good faith and fair dealing and awarded Plaintiff fringe benefits as damages in the amount of $456.52. (Dkt. 93.) The fringe benefits awarded represented four months of the cost of one-half of Mr. Ivanov's insurance premiums ($1,369.56 / 12 = $114.13 per month x 4 months (January-April 2020) = $456.52). (Trial Ex. 203, at p. 146.) Plaintiff testified that he paid for the insurance and was not reimbursed for the payments made during the calendar year of 2020, prior to the termination of his employment. Similarly, Mr. Mauger confirmed that he never reimbursed Plaintiff for half of the insurance premiums for the first four months in 2020.

Plaintiff contends that the jury's award of fringe benefits constitutes "wages" and is subject to trebling pursuant to the IWCA. Plaintiff argues that, because the court in its unpublished decision of *Wolfe v. City of Coeur d'Alene* found that claimants should be awarded "wages all sums, including fringe benefits" upon an unlawful termination of employment, Plaintiff's fringe benefits also constitute wages as defined by the IWCA. *Wolfe v. City of Coeur d'Alene*, *No*. 43528, 1981 WL 149784, at *1 (Idaho Dist. May 18, 1981). Further, the court in *Wolfe* found that "fringe benefits are an integral part of the wages and salaries paid to the claimants." *Id.* Although the decision in *Wolfe* arguably offers support for Plaintiff's contention, the Court finds the factual circumstances here markedly distinguishable. Notably, the fringe benefits provision of the Agreement is a

**MEMORANDUM DECISION AND ORDER – 3**

separate compensation provision. The testimony offered at trial also highlights the informality of the reimbursement arrangement between Plaintiff and Fitness Elite. Further, there is no other case law supporting the trebling of an award of fringe benefits. Therefore, the Court will decline to do so here.

## II.     Prejudgment Interest Pursuant to Idaho State Law

This action is in federal court based on diversity jurisdiction. 28 U.S.C. § 1332. Suits based on diversity of citizenship rely on federal procedural law and state substantive law. *See, e.g., Erie R. Co. v. Tompkins*, 304 U.S. 64, 91–92 (1938); *Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 429 (1996). The Ninth Circuit has provided: "It is well settled that prejudgment interest is a substantive aspect of a plaintiff's claim, rather than a merely procedural mechanism." *In re Exxon Valdez*, 484 F.3d 1098, 1101 (9th Cir. 2007) (citing, e.g., *Mutuelles Unies v. Kroll & Linstrom*, 957 F.2d 707, 714 (9th Cir.1992) ("In diversity jurisdiction, state law governs all awards of prejudgment interest.").

### A. <u>The compensatory damage amounts were ascertainable.</u>

Defendants argue, however, that the damages at issue are not subject to prejudgment interest, because the damages were not "readily ascertainable." (Dkt. 105 at 3-4.) Defendants contend that, because the jury awarded less than the amount sought by Plaintiff, Plaintiff's damages were unascertainable. (Dkt. 105 at p. 3-4 ("This is directly reflected by the fact that Plaintiff sought a six-figure Verdict for the 'fringe benefits', but the jury ultimately awarded $456.52.")) However, "the mere fact that a claim is disputed or litigated does not render damages 'unascertainable,' for if this were the case, a party

**MEMORANDUM DECISION AND ORDER – 4**

could delay payment without incurring interest expense by disputing and litigating any claim, and prejudgment interest would never be awarded." *Ross v. Ross*, 178 P.3d 639, 642 (Idaho Ct. App. 2007) (internal citations omitted). Simply because the jury was tasked with determining the amount of damages does not rise to the level of an "unascertainable amount." As such, prejudgment interest may be applicable to Plaintiff's damage awards.

The applicable Idaho statutory prejudgment interest is 12% per year. I.C. § 28-22-104(1). This conclusion is supported by the fact that the Agreement is silent as to the prejudgment interest rate and the fact that the amount due is capable of mathematical computation: $120,000 annual salary = $10,000 per month x 66 months remaining on the Agreement at the time of Plaintiff's termination = $660,000, plus; half of the annual insurance payment ($1,369.56 / 12 = $114.13 per month x 4 months (January-April 2020) = $456.52). (Ex. 203, at p. 146; see also Dkt. 93.) *Ross v. Ross*, 178 P.3d 639, 641–42 (Idaho Ct. App. 2007) ("where the amount of liability is liquidated or capable of ascertainment by mere mathematical processes" interest is allowed from a time prior to judgment, "for in that event the interest in fully compensating the injured party predominates over other equitable considerations.") (quoting *Farm Dev. Corp. v. Hernandez*, 478 P.2d 298, 300 (Idaho 1970)).

    B. <u>Damages for breach of contract and the unpaid wages claim under the IWCA are subject to prejudgment interest.</u>

The amount due to Plaintiff within 60 days of termination of his employment without cause was $660,00.00—a sum certain. *Whitlock v. Haney Seed Co.*, 759 P.2d

**MEMORANDUM DECISION AND ORDER – 5**

919, 926 (Idaho Ct. App. 1988) ("Here, although the vacation pay was earned—and therefore was 'due'—when Whitlock was discharged, the additional amount produced by trebling became 'due' only when judgment was entered."). Pursuant to the terms of the Agreement, the $660,000 severance-pay payment became due "within 60 days of Coach ceasing to be an employee of School." (Ex. 101, at p. 5, § 6.B.)

      C. <u>Damages for breach of the covenant of good faith and fair dealing are not subject to prejudgment interest.</u>

As mentioned above, the award of fringe benefits does not constitute wages under the IWCA and is therefore not subject to trebling. With regard to prejudgment interest, although the amount of fringe benefits awarded to Plaintiff was an ascertainable amount, the date that the fringe benefits were due and owing to Plaintiff is not ascertainable from either the plain language of the Agreement or from the testimony given at trial. Therefore, the Court finds the award of fringe benefits for breach of the covenant of good faith and fair dealing is not subject to prejudgment interest under Idaho state law.

      D. <u>Calculation of Prejudgment Interest</u>

The jury's verdict details that $660,000 was "due" 60 days following Plaintiff's termination without cause. Plaintiff was terminated on April 26, 2020, making payment due no later than June 25, 2020. Thus, 12%, compounded annually, is applied to $660,000, from June 26, 2020, through the date judgment is entered. The result is prejudgment interest in the amount of $298,652.03 as of the date of this filing, calculated as follows.

June 26, 2020 - June 25, 2021:  $660,000 x 12% = $79,200
June 26, 2021 - June 25, 2022:  $660,000 + $79,200 = $739,200 x 12% = $88,704

**MEMORANDUM DECISION AND ORDER – 6**

June 26, 2022 - June 25, 2023:  $739,200 + $88,704 = $827,904 x 12% = $99,348.48
June 26, 2023: $827,904 + $99,348.48 = $927,252.48
$927,252.48 x 12% = $111,270.29 / 365 = $304.85
Earning $304.85 per day
June 26 to October 6 = 103 days x $304.85 = $31,399.55
As of October 6, 2023, total prejudgment interest on the $660,000 award = $298,652.03.

## CONCLUSION

Based on the above, prejudgment interest on the award of $660,000 for breach of contract will be included in the final judgment.  The fringe benefits award is not subject to trebling or prejudgment interest.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that Plaintiff's Motion for Entry of Judgment (Dkt. 99) is GRANTED IN PART and DENIED IN PART.



DATED: October 6, 2023

_____
Honorable Candy W. Dale
United States Magistrate Judge