John M. Howell; ISB #6234
Jarod M. Zimmerman; ISB #12045
POWERS FARLEY, PC
702 West Idaho Street, Suite 700
Boise, Idaho  83702
Telephone:  (208) 577-5100
Email:  jmh@powersfarley.com
         jmz@powersfarley.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IVAN DELCHEV IVANOV,<br><br>                    Plaintiff,<br><br>vs.<br><br>FITNESS ELITE TRAINING CENTER, INC., an Idaho corporation; DAN MAUGER, and BROOKE MAUGER,<br><br>                    Defendants. | Case No. 1:20-cv-00380-CWD<br><br>**DECLARATION OF JOHN M. HOWELL IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES** |

I, John M. Howell, declare and affirm as follows:

1.      I am an attorney with the firm Powers Farley, PC, counsel of record for Plaintiff Ivan Delchev Ivanov in this matter and as such I am familiar with the above-referenced matter. The following information is based upon my own personal knowledge or has been gained as a result of my representation of Plaintiff in this matter, and upon the accounts, records, and ledgers kept by my law firm in the ordinary course of business.  This Declaration is made pursuant to the Idaho Rules of Civil Procedure and the Federal Rules of Civil Procedure, applicable law, and the lodestar method.

2.      The attorney fees requested in the accompanying motion are for those attorney fees incurred relating to the termination of Plaintiff by Fitness Elite Training Center, Inc. ("Fitness Elite") without cause and Fitness Elite's failure to pay Plaintiff what was due pursuant to the parties' contract.

3.      To the best of my knowledge and belief, all of the attorney fees requested herein were necessarily and reasonably incurred in litigating this matter in good faith and none of the attorney fees were incurred to vex, harass or annoy Defendants.  The attorney fees were not incurred for the purpose of increasing the Defendants' costs or attorney fees.  The attorney fees as set forth below are true and accurate and are presented to the Court in compliance with the Idaho Rules of Civil Procedure and the Federal Rules of Civil Procedure.

4.      I was contacted by Mr. Ivanov in the spring of 2020.  His story was compelling, but he was not able to hire me on an hourly basis.  I spent a considerable amount of time looking into his claims and investigating the Defendants before I agreed to take this case on a contingency fee.

5.      We filed the complaint in this case on August 3, 2020.  The discovery was somewhat tedious and contentious as we sought the production of the Maugers' personal financial information.  All told, approximately 4,500 pages of information was produced.  Depositions were completed in early 2022.  In late February and early March 2022, the parties filed cross-motions for summary judgment and the Court issued its decision on November 17, 2022.

6.      The parties discussed utilizing mediation as ADR in this matter and set forth that agreement in the Litigation Plan filed on November 6, 2020.  Following the issuance of the Court's summary judgment decision, the parties agreed to utilize Newal Squyres as the mediator.  Mediation was scheduled for March 28, 2023.  On the afternoon of March 27, 2023, Defendants

cancelled the mediation.  At no time did the Defendants ever make any offer to settle any of the claims in this lawsuit.

7.      In addition, with respect to the veil piercing claim, I was amenable to dismissing the claim if I received adequate assurance that Fitness Elite possesses sufficient assets to satisfy any judgment issued against it.  I brought this up with opposing counsel on at least four different occasions during the course of this litigation.  The first was during the discussions pertaining to the Litigation Plan, the second was during the meet and confer process pertaining to the Maugers' personal financial records, the third was at the time of the summary judgment hearing, and the fourth was in advance of trial during our discussions regarding stipulating to exhibits.  I am also aware of Mr. Witko bringing it up on at least one occasion as it is raised in a letter that we wrote to Defendants' counsel on July 28, 2021.  We received no response to our requests.

8.      Mr. Ivanov and I entered into a contingency fee agreement wherein I agreed to represent Mr. Ivanov for a fee of forty percent (40%) of the gross recovery obtained in this matter. The agreement provides, in pertinent part, as follows:

> Client (Mr. Ivanov) agrees to pay and Law Firm (Powers Farley, PC) agrees to accept a contingent fee for the services rendered by Law Firm in connection with the claim, rights and causes of action against Mauger (Fitness Elite Training Center, Inc., Dan Mauger and Brooke Mauger) pursuant to the following schedule:
>
> Forty Percent (40%) of the gross recovery received by or on behalf of the Client from the responsible parties or insurers upon a resolution of this matter either through a mutually agreed upon settlement or by way of a jury verdict or arbitration award and corresponding judgment.

9.      In addition to the contingency fee, the agreement provides that "Law Firm shall charge its prevailing hourly rate for the Post Trial Matters."  The hourly provision for post-trial matters was added given our concerns that the Defendants may engage in actions that necessitate considerable time for post-trial matters including collection efforts.  Our concerns were validated

DECLARATION OF JOHN M. HOWELL IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES – 3

when we learned that Dan and Brooke Mauger listed the property for sale that is subject to the quasi-estoppel claim while the parties were awaiting the Court's decision on the motion for entry of judgment.  The Maugers' action required us to record a *lis pendens* on the property.

10.     For the purposes of Plaintiff's Motion for Attorney Fees, Plaintiff is only seeking the contingency fees. Plaintiff reserves the right to pursue additional fees on an hourly basis depending on the future tactics of Defendants and whether collection efforts are necessary to pursue Defendants.

11.     There are different approaches to fee arrangements to address these types of scenarios.  We chose a hybrid approach which allows for a 40% contingency fee through trial and then an hourly fee thereafter.  Other possible methods include increasing the contingency fee to 45% for post-trial matters and then to 50% for appeals.

12.     Forty percent of the Judgment amount of $2,279,108.55 results in a fee of $911,643.42.

13.     Plaintiff seeks an award of attorney fees in the amount of forty percent (40%) of the Judgment.[1]

14.     **Exhibit A** to this Declaration sets forth an itemized list of the time spent on this matter by Powers Farley, PC, including:  (a) the names and reasonable and usual customary rates of the attorneys from my firm who worked on this matter; (b) the date on which the attorneys rendered services; (c) the actual services rendered; and (d) the actual number of hours expended. It is anticipated that your Declarant will spend additional time on this Motion should it be contested and should a hearing be necessitated.

---

[1] Each reference to attorney fees includes paralegal fees.

15.     I have reviewed the itemized list attached as Exhibit A.   The work that was performed on this case from Powers Farley was performed primarily by myself or my associates, Cody Witko and Jarod Zimmerman.   In addition, as reflected in Exhibit A, several paralegals assisted in this case.   The rates are noted in the itemized list attached as Exhibit A.   Time records were kept by entering the time into a computer from which the billing statements were generated. The itemized list attached as Exhibit A was created from the billing entries, and again identifies the attorney or paralegal who performed the service, sets forth the date the service was performed, provides a description of the services rendered, itemizes the amount of time needed to perform the service, sets forth the hourly rate charged for the service, and computes the fee charged for the service.   The charges set forth in Exhibit A represents the standard rates on my cases.   My rate, as well as the rates of the others in my firm who worked on this case, are generally consistent with the fees charged by other attorneys and paralegals in our area with comparable experience and skill.

16.     In making this request for attorney fees, I have reviewed the provisions of the Idaho Rules of Civil Procedure, including Rule 54(e)(3).   This request for attorney fees is reasonable in amount, the fees were necessarily and justifiably incurred in litigating this matter in good faith, and the fees charged are consistent with comparable services and rates in the State of Idaho.   In evaluating the reasonableness of the fee charged, I would advise the Court as follows:

a)     **TIME AND LABOR INVOLVED:**  My firm keeps track of the time spent on cases by each individual attorney.   I have reviewed the billing sheets generated from this case and I believe the time and labor reported were reasonably and necessarily incurred.   Based on my experience, it is my opinion that the time involved in this case was reasonably incurred in relation to the issues and claims presented.

DECLARATION OF JOHN M. HOWELL IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES – 5

b)     **NOVELTY AND DIFFICULTY:**  This case, as most, presented with its own unique set of circumstances and challenges.  However, the Defendants made this case difficult each step of the way, which unnecessarily increased the amount of time spent on this case. Defendants never made a settlement offer.  Rather, Defendants utilized tactics throughout this litigation as first threatened by Mr. Mauger in the initial recording.  The contentious litigation increased the difficulty, as did the location of the Plaintiff and the fact that English is his second language.  These issues created their own set of problems and a difficult dynamic considering the need to expeditiously try and push the litigation forward.

c)     **SKILL, EXPERIENCE, AND ABILITY:**  I was the responsible handling attorney.  I have been in practice for approximately 23 years.  I attended law school at the University of Idaho.  I clerked in the Fourth Judicial District prior to entering private practice and also externed for the Honorable Edward J. Lodge in the Federal District of Idaho.  I tried cases throughout the State of Idaho in both state and federal courts.  I have been involved in well over 100 trials while in private practice.  I have represented plaintiffs and defendants in employment actions similar to the matter at bar.  I have drafted employment policies for Idaho businesses and am regularly consulted on employment matters for businesses.  I feel I am qualified to act as trial counsel in civil litigation matters, and specifically employment matters, based upon my background and experience.  Mr. Witko was the primary associate who assisted me with this case up until his departure from our firm in late summer of 2022.  Mr. Witko graduated from the University of Idaho College of Law magna cum laude in 2017.  Following law school, he clerked for the Honorable John R. Stegner in the Second Judicial District of Idaho and then clerked for Justice Stegner upon his appointment to the Idaho Supreme Court.  Following Mr. Witko's departure, Mr. Zimmerman became involved in this case and assisted me with all pre-trial matters,

the jury trial, and all post-trial matters.  Mr. Zimmerman is a native of Indiana and graduated from the Indiana University Maurer School of Law.  He has been in practice since 2017, spending four years at a large Indianapolis-based law firm.  For the first three years of his practice, Mr. Zimmerman spend the bulk of his time in federal court handling all phases of civil rights litigation, up to and including trial.  Thereafter, he represented numerous Indiana-based businesses in contract disputes, employment matters, premises liability claims, and served as local counsel before relocating to Boise and joining Powers Farley, PC in 2022.  Mr. Witko and Mr. Zimmerman are qualified to act as trial counsel in civil litigation matters based upon their background and experience.

d)     **PREVAILING CHARGES FOR LIKE WORK**:  My standard billing rate is $400 per hour and the standard rates for Mr. Witko and Mr. Zimmerman on my cases is $325 per hour.  The standard paralegal rate is $175 per hour.  These are generally consistent with rates charged by lawyers in the Treasure Valley with comparable experience in non-insurance defense type of cases.

e)     **WHETHER THE FEE IS FIXED OR CONTINGENT**:  The fee arrangement with our firm provided for a hybrid approach with a forty percent (40%) contingency fee plus an hourly fee for all time spent on the case post-trial.  We are entitled to fees only if we are successful.  We considered a higher contingency fee award.  For example, it is common to see contingency fee arrangements with a 40% fee for any recovery up to 60 days before trial, which then increases to 45% to account for trial preparation, trial and post-trial matters, with another increase to 50% if the case is appealed.  While there are many different ways to structure a contingency fee arrangement, we felt like the agreement entered in this case was appropriately fit the facts and circumstances of this case and considering the risks.  Given Mr. Mauger's posture in

the recording early on in this case, as well as based upon our research on how he handled other litigation, we anticipated that this case would take substantial resources and involve protracted litigation.  Our firm spent a considerable amount of time on this case, which represented time that could have been spent on other cases.  The time is depicted in Exhibit A.

   f)  **TIME LIMITATIONS:**  There was a strong desire to move this case along as expeditiously as possible considering Plaintiff's financial situation and inability to obtain employment due to the pandemic.  Moreover, we undertook significant time and effort to prosecute Plaintiff's remedy to pierce the corporate veil, a necessary aspect of this case in light of the testimony and evidence that Defendant Fitness Elite, for all intents and purposes, possesses no assets and has operated at a loss every year of its existence.

   g)  **AMOUNT INVOLVED AND RESULT OBTAINED:**  It is hard to imagine a better result being obtained in this case on behalf of Plaintiff.  The only item sought, but not obtained by Plaintiff, was to pierce the corporate veil against Mrs. Mauger.  However, because Idaho is a community property state, the community assets of Mr. and Mrs. Mauger are available to satisfy the judgment.  The fact that the veil was not pierced as to Mrs. Mauger is of little to no consequence.  Accordingly, Plaintiff obtained a total victory in this case.  Given the result, the amount of attorney fees requested is reasonable and appropriate.

   h)  **UNDESIRABILITY OF THE CASE:**  It is difficult to pursue a contingency fee type of case for over three years as it represents a significant investment for me. It is not as if the expenses of operating a law firm were suspended because I took this case.  I continued to have to meet my obligations as a partner in this law firm to meet overhead.  The fact that our expenses continued, but our income was diminished because I was not receiving payment for hourly work, together the risk associated with never getting paid, underscore the undesirability

of cases like this, particularly in a smaller law firm such as ours.  Moreover, the fact that Plaintiff resided in Iowa and speaks English as his second language made communications with my client difficult.  Further, the Defendants in this case have substantial resources and are well-known in southern Idaho, which presented additional challenges.

        i)      **PROFESSIONAL RELATIONSHIP**:  Not applicable as Powers Farley, PC did not have an attorney-client relationship with Plaintiff prior to this engagement.

        j)      **AWARDS IN SIMILAR CASES**:  The award in this case was consistent with similar cases insofar as the jury awarded the wages due and owing as a result of Fitness Elite's breach and the Court properly trebled the amount of the wages.  In my experience, cases like this do not often go to trial considering the defendant is typically motivated to settle the case and, as a result, there are few reported verdicts of similar magnitude.

        k)      **COMPUTER ASSISTED RESEARCH**:  My firm utilizes, and did utilize in this case, computer assisted research.  My firm has a contract with Westlaw for automated legal research and believes that the amounts charged pursuant to its contract with Westlaw are reasonable in amount.  I find that computer assisted research greatly improves a lawyer's efficiency.  These fees are itemized per case and on a monthly basis.  We routinely bill these amounts to clients.  In this matter, we are not asking the Court to award costs of the computer assisted research as non-taxable costs nor are we seeking items that are typically passed on to clients such as copying costs.

        l)      **OTHER FACTORS**:  We endeavored to be mindful of the costs of litigation and avoid unnecessary expenditures.  Meanwhile, less than 24 hours prior to mediation, Defendants abruptly decided they would not attend and at no point during the three years of this litigation did they make a settlement offer.  Moreover, following this Court's November 17, 2022,

Memorandum Decision and Order addressing the parties' dispositive motions, wherein the Court determined any damages awarded to Plaintiff would constitute wages under the Idaho Wage Claim Act, Defendants waited to assert any error until the submission of their Pretrial Memorandum on July 10, 2023—two weeks before trial—to address their perception that they believed an error was committed and an appeal would be taken if Plaintiff were awarded his requested damages.

17.     As to the loadstar factors not otherwise addressed above, I would first point out that I have a sufficient amount of work that the time spent on this case could have been billed to other matters on an hourly basis at my standard rates.  I have had to turn down hourly work over the past three years that I would have had the bandwidth to take but for my representation of Plaintiff. Further, in light of the *Kerr* factors, and as set forth above, Plaintiff obtained a total victory in this lawsuit as illustrated by the Judgment in the amount of $2,279,108.55, the veil piercing as to Defendant Dan Mauger, and the directive from the Court that the Defendants must execute and record a deed of trust on certain real property.

18.     Plaintiff seeks an award of attorney fees in the amount of $911,643.42 which represents forty percent (40%) of the Judgment amount of $2,279,108.55.

19.     In addition, I will note that Plaintiff submitted a Bill of Costs in this matter.  I attempted to meet and confer with Defendants' counsel with respect to the Bill of Costs and in accordance with 29 USC 1924; however, I did not hear back from counsel.

I swear under the penalty of perjury pursuant to the laws of the State of Idaho that the foregoing is true and correct.

DATED this 20th day of October, 2023.

_____/s/ John M. Howell_____
John M. Howell

DECLARATION OF JOHN M. HOWELL IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES – 10

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on the 20th day of October, 2023, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

John C. Peterson                                        J. Nick Crawford
Attorney for Defendants                            Attorney for Defendants
john@petersontwinfalls.com                      jnc@brassey.net

Ryan C. Janis
Attorney for Defendants
rcj@brassey.net

                                    _____/s/ John M. Howell_____
                                    John M. Howell
                                    Jarod M. Zimmerman