UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IVAN DELCHEV IVANOV,<br><br>Plaintiff,<br><br>v.<br><br>FITNESS ELITE TRAINING CENTER, INC., an Idaho corporation; DAN MAUGER, and BROOKE MAUGER,<br><br>Defendants. | Case No. 1:20-cv-00380-CWD<br><br>**MEMORANDUM DECISION AND ORDER RE: MOTION FOR ATTORNEY FEES (DKT. 124)** |

# INTRODUCTION

Before the Court is Plaintiff's Motion for Attorney Fees. (Dkt. 124.) The parties filed responsive briefing and the motion is at issue. Having reviewed the record herein, the Court finds the facts and legal arguments are adequately presented in the briefs. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be aided by oral argument, the motion will be decided on the record presently before the Court. Dist. Idaho L. Rule 7.1(d).

**MEMORANDUM DECISION AND ORDER - 1**

## FACTUAL BACKGROUND

This case arises from Plaintiff's claim that Defendant Fitness Elite breached the Head Coach Agreement (Agreement) by terminating his employment as the Head Wrestling Coach for Fitness Elite without cause.[1]  Plaintiff initiated this lawsuit on July 30, 2020—approximately one month after Defendant Fitness Elite failed to pay the balance of the contracted wages due upon termination of his employment without cause—by filing a complaint raising five causes of action: 1) breach of contract; 2) unpaid wages under the Idaho Wage Claim Act ("IWCA"), Idaho Code § 45-615; 3) breach of the implied covenant of good faith and fair dealing; 4) corporate veil piercing; and 5) quasi-estoppel.  (Dkt. 1.)

A five-day jury trial was held in this matter, and after deliberations on July 28, 2023, the jury returned a verdict in favor of Plaintiff on his claims for breach of contract and breach of the implied covenant of good faith and fair dealing.  (Dkt. 93.)  The jury found Plaintiff's employment was terminated without cause and awarded the amount of $660,000.00, the remaining balance of the annual base salary due to Plaintiff, for the ten-year term of the Agreement.  At the time of the termination of Plaintiff's employment on April 26, 2020, approximately 53 months remained on the term of the Agreement, making the balance of $660,000.00 due and owing to Plaintiff sixty days after the no-cause termination on June 26, 2020.

---

[1] Because the facts are well known to the parties as reflected in summary judgment related filings and during evidence presented at trial, they will not be recited in full here.

The equitable claims of piercing the corporate veil and quasi-estoppel were submitted to the jury for an advisory verdict pursuant to Rule 39(c)(1). (Dkt. 81.) The jury found Defendant Dan Mauger personally liable for Defendant Fitness Elite's obligations, and in Plaintiff's favor on his quasi-estoppel claim. (Dkt. 93.) On October 6, 2023, the Court adopted the jury's advisory verdict, issuing its Findings of Facts and Conclusions of Law. (Dkt. 118.)

On August 11, 2023, Defendants filed a motion seeking reconsideration regarding whether the payment due to Plaintiff within 60 days of the no-cause termination of his employment, as provided by the Agreement, qualifies as "wages" under the IWCA.[2] (Dkt. 101.) On October 6, 2023, the Court affirmed its prior ruling and found no clear error in its initial decision on summary judgment regarding the damages provision in the Agreement falling under the IWCA. (Dkt. 117.) Further, the Court found the evidence presented at trial, specifically with respect to the intent of the parties in entering into the Agreement, bolstered the correctness of the Court's classification of the payment due to Plaintiff with a no-cause termination as wages under the IWCA. (Dkt. 117 at 9.) Thus, the Court concluded that the trebling provision in the IWCA, specifically I.C. § 45-615, applied to the jury's award of damages for breach of contract.

---

[2] On February 28, 2022, the parties each filed summary judgment motions that were separately briefed. (Dkt. 32, 35.) The Court heard argument on the motions, and on November 17, 2022, issued a memorandum decision and order. (Dkt. 46.) The Court granted summary judgment in favor of Plaintiff, in part, finding that, as a matter of law, the liquidated damages provision in the Agreement would qualify as "wages" under the IWCA, if the jury determined that Plaintiff's employment with Fitness Elite was terminated without cause. Summary judgment was denied as to all remaining claims and defenses. (Dkt. 46.)

**MEMORANDUM DECISION AND ORDER - 3**

On October 6, 2023, the Court entered judgment, consistent with the jury's verdict and the Court's findings of fact and conclusions of law, in favor of Plaintiff and against Fitness Elite and Dan Mauger, jointly and severally, for $1,980,456.62[3] in damages, and $298,652.03[4] in prejudgment interest, for a total judgment of $2,279,108.55.  (Dkt. 120.) The Court also directed Defendants, consistent with Plaintiff's quasi-estoppel claim, to execute and record the deed of trust attached to the Agreement as Exhibit A and provide proof of the same within 30 days.

On October 20, 2023, Plaintiff filed the present motion seeking an award of attorney fees in the amount of $911,643.42, representing a contingency fee amount of forty percent (40%) on the total judgment amount of $2,279,108.55.[5]  (Dkt. 124.)  The Court finds as follow.

## LEGAL STANDARD

Plaintiff requests attorney fees pursuant to I.C. § 45-615(2) and Idaho R. Civ. P. 54(e)(3).  "State law establishes the required showing for attorney's fees in an action in diversity."  *Winterrowd v. American General Annuity Ins. Co.*, 556 F.3d 815, 827 (9th

---

[3] The Jury's Verdict awarding $660,000.00 in favor of Plaintiff on the breach of contract claim was trebled pursuant to Idaho Code § 45-615 for $1,980,000.00.  The total damages included $456.62 awarded on the separate claim for breach of the covenant of good faith and fair dealing.

[4] The pre-judgment interest on $660,000.00 was calculated from June 26, 2020 through October 6, 2023.

[5] Plaintiff is not seeking additional fees on an hourly basis for the post-trial motions, despite the language in the contingency agreement providing for the same.  (*See* Dkt. 124-2 at 3) ("[The] Law Firm shall charge its Prevailing Hourly Rate for the Post Trial Matters.")

**MEMORANDUM DECISION AND ORDER - 4**

Cir. 2009). The Idaho statute under which Plaintiff requests attorney fees will be examined as follows.

## ANALYSIS

I. **Plaintiff is entitled to both trebled damages and attorney fees under the IWCA.**

The IWCA, as relevant here, provides,

> "[a]ny judgment rendered…for the plaintiff in a suit filed pursuant to this section may include all costs and attorney's fees reasonably incurred in connection with the proceedings and the plaintiff shall be entitled to recover from the defendant…damages in the amount of three (3) times the unpaid wages due and owing…."

Idaho Code § 45-615(2). The IWCA clearly allows for a successful plaintiff to recover both trebled damages and attorney fees under this statute. *Hawes v. Western Pacific Timber, LLC*, 477 P.3d 950, 969-70, 970 n.12 (Idaho 2020) (citing *Polk v. Larrabee*, 17 P.3d 247, 259 (Idaho 2000) (rejecting I.C. § 12-120(3) as a basis for recovery of attorney fees in statutory wage claims); *Schoonover v. Bonner Cnty.*, 750 P.2d 95, 102 (Idaho 1988) (rejecting I.C. § 12-121 as a basis for recovery of attorney fees in statutory wage claims); *but see Nettleton v. Canyon Outdoor Media*, LLC, 163 Idaho 70, 75, 408 P.3d 68, 73 (2017) (noting that breach of employment contract actions—as opposed to statutory wage claim actions—are considered commercial transactions under I.C. § 12-120(3) such that attorney fees can be awarded)).

As discussed above, the Court applied the trebling provision in the IWCA, specifically I.C. § 45-615(2), to the jury's award of damages for breach of contract, making that award $1,980,000.00. Additionally, the total judgment amount included

**MEMORANDUM DECISION AND ORDER - 5**

$456.62 in damages for breach of the covenant of good faith and fair dealing and $298,652.03 in prejudgment interest on the untrebled damage award of $660,000.00, for a total judgment of $2,279,108.55. (Dkts. 119, 120.) Plaintiff requests that the award for attorney fees should be based on this total judgment amount. (Dkt. 124-1 at 4.)

In support of his request, Plaintiff cited to a relatively recent Idaho Supreme Court decision, *Hawes v. Western Pacific Timber, LLC*, 477 P.3d 950 (Idaho 2020). In *Hawes*, the plaintiff was employed as general counsel for the defendant, and the parties entered into an oral agreement to provide for a severance package for the plaintiff. *Id.* at 956. The severance package provided the plaintiff would be paid $100,000.00 per year, capped at five years, if his employment was terminated. *Id.* at 956. Following a jury trial in the district court, the jury returned a verdict in favor of the plaintiff on his breach of contract claim. *Id.* at 959. The jury also awarded the amount of $500,000.00 to the plaintiff, which was later trebled by the court pursuant to I.C. § 45-615(2). *Id.* Plaintiff thereafter requested attorney fees under I.C. § 45-615 and Idaho R. Civ. P. 54(d)(1), seeking attorney fees in the amount of $573,904.38, representing a contingency fee amount of thirty-five percent (35%) on the total judgment amount of $1,639,726.80. *Id.* The court granted the plaintiff's request over the defendant's objection that the attorney fee award would constitute an unreasonable windfall to the plaintiff and punish the defendant too harshly. *Id.*

As Plaintiff argues, the circumstances of *Hawes* are markedly analogous to those before this Court. Like in *Hawes*, the jury here returned a verdict in favor of Plaintiff on

**MEMORANDUM DECISION AND ORDER - 6**

an unreasonable windfall to Plaintiff and punishes Defendants too harshly." (Dkt. 132 at 2-3.) Although Defendants accurately cite the applicable law, *see Hawes*, 477 P.3d at 971; *see also Parsons*, 152 P.3d at 719, the Court finds that an award of attorney fees based in part on the trebled wage component does not present such a windfall here. Although Defendants argue that they have already been penalized by entry of the substantial judgment for Plaintiff, the IWCA "can be punitive in nature to the extent that it was designed to deter bad behavior on the part of an employer." *Hawes*, 477 P.3d at 971. Because the IWCA incentivizes employers to deal fairly with their employees, the remedy of trebled damages is meant to deter the circumstances of *Hawes* and those presently before the Court where there was a no-cause termination of employment, there were no offers of settlement, and no alternatives for resolution for Plaintiff to receive the wages due and owing except for trial. *See id.* at 970-71.

## II. Plaintiff's requested award of attorney fees is reasonable under the Idaho R. Civ. P. 54(e)(3) factors.

Because state law applies to the award of attorney fees in this matter, the Court also will consider the twelve factors set forth in Idaho R. Civ. P. 54(e)(3):

> (A) the time and labor required;
> (B) the novelty and difficulty of the questions;
> (C) the skill requisite to perform the legal service properly and the experience and ability of the attorney in the particular field of law;
> (D) the prevailing charges for like work;
> (E) whether the fee is fixed or contingent;
> (F) the time limitations imposed by the client or the circumstances of the case;
> (G) the amount involved and the results obtained;
> (H) the undesirability of the case;
> (I) the nature and length of the professional relationship with the client;

**MEMORANDUM DECISION AND ORDER - 8**

> (J) awards in similar cases
> (K) the reasonable case of automated legal research (Computer Assisted Legal Research), if the court finds it was reasonably necessary in preparing a party's case;
> (L) any other factor which the court deems appropriate in the particular case.

Idaho R. Civ. P. 54(e)(3)(A)-(L).

When awarding attorney fees, the Court is required to consider all of the factors listed in Rule 54(e)(3), but is not required to make specific findings as to each one. *Smith v. Mitton*, 104 P.3d 367, 376 (Idaho 2004) ("When considering the factors, courts need not demonstrate how they employed any of those factors in reaching an award amount.") The Court may not single out or give undue weight to any one factor such as to exclude the other factors listed in Rule 54(e)(3). *Sun Valley Potato Growers, Inc. v. Texas Refinery Corp.*, 86 P.3d 475, 483 (Idaho 2004) (citing *DeWils Interiors, Inc. v. Dines*, 678 P.2d 80, 82 (Idaho Ct. App. 1984)). Importantly, the Court possesses considerable discretion in determining the reasonableness of an attorney fees request. *See Webb v. Ada Cty.*, 195 F.3d 524, 526 (9th Cir. 1999).

Plaintiff seeks attorney fees in the amount of $911,643.42 for 1,221 hours of work, per the forty percent (40%) contingency fee amount. The agreement between Plaintiff and his counsel provides, in pertinent part, as follows:

> Client (Mr. Ivanov) agrees to pay and Law Firm (Powers Farley, PC) agrees to accept a contingent fee for the services rendered by Law Firm in connection with the claim, rights and causes of action against Mauger (Fitness Elite Training Center, Inc., Dan Mauger and Brooke Mauger) pursuant to the following schedule:

**MEMORANDUM DECISION AND ORDER - 9**

>Forty Percent (40%) of the gross recovery received by or on behalf of the Client from the responsible parties or insurers upon a resolution of this matter either through a mutually agreed upon settlement or by way of a jury verdict or arbitration award and corresponding judgment.

(Dkt. 124-2 at 3.)

At the outset, the Court has considered the contingent fee arrangement and weighed this factor "in light of the function of contingency fees in our legal system—to enable those who are unable to pay hourly fees to secure representation and to compensate attorneys reasonably for the risks they have taken in representing the client." *Burns Concrete, Inc. v. Teton Cty.*, 483 P.3d 985, 1005 (Idaho 2020) ("Contingency fee agreements involve risk and uncertainty for attorneys—the risk of not being paid if the client does not prevail; uncertainty about the amount that will ultimately be recovered; uncertainty about the amount of time and money that will be required to obtain recovery; and, uncertainty about how much time will be required to obtain recovery."); *Parsons v. Mut. of Enumclaw Ins. Co.*, 152 P.3d 614, 619 (Idaho 2007) ("[S]ometimes under a contingent fee agreement an attorney will recover more than he or she would under an hourly fee, and sometimes the attorney will recover less or nothing at all.  Likewise, the attorney's client will sometime pay more than he or she would have paid under an hourly fee agreement, and the client will at other times pay less or nothing at all for the legal services rendered.").

Here, Defendants do not contend that the contingency fee arrangement was unreasonable at the time Plaintiff and his counsel entered into the agreement.  Rather, Defendants argue that an award of attorney fees based upon the trebled wage damages

**MEMORANDUM DECISION AND ORDER - 10**

award is unreasonable and penalizing. However, as evident in *Parsons*, a contingency fee arrangement that was reasonable when entered into does not become unreasonable merely because the attorney ultimately recovers more than they would have under an hourly fee contract. The Court finds the contingency fee arrangement reasonable here.

The Court also finds that the time and labor expended by the attorneys was reasonable given the nature of this case. Defendants contend that the time and labor expended was not reasonable, because the claim to pierce the corporate veil was only partially successful, and that the number of attorneys assigned to the case was excessive.[6] However, the case was litigated largely by experienced attorneys. The specific billing rate for each attorney who worked on the case is set forth in detail in the Declaration of John M. Howell. (Dkt. 124-2.) The hourly rates charged by Mr. Howell and the other attorneys identified in the Declaration are comparable to the reasonable hourly rates of attorneys of similar experience and similar work in this area. (Dkt. 124-4.) As to the number of attorneys assigned to the case, Plaintiff explains that John Howell has been the only attorney continuously involved in this matter since its inception. Although Cody Witko was an associate working on the case prior to his departure from Powers Farley in June of 2022, Mr. Howell continued to work on this matter for nearly eleven months. Then, in May of 2023, Jarod Zimmerman became involved in the matter in anticipation of trial. Further, Jean Schroeder was involved in the matter only with respect to the present motion. The Court finds this explanation reasonable.

---

[6] Defendants do not identify any specific duplication of effort by Plaintiff's counsel.

**MEMORANDUM DECISION AND ORDER - 11**

As to the number of hours itemized for each attorney in the attachment to Plaintiff's counsel's declaration, the Court finds them to be within reasonable limits given the manner in which the case progressed, the claims raised, and the volume of filings. (*See* Dkt. 124-3.) This litigation was hotly contested and commenced well over three years ago. Plaintiff's counsel drafted and filed multiple substantive motions, including competing motions for summary judgment and responses thereto. Based upon the Court's familiarity with the record, the time entries align with the progression of the case and correspond to the filings and events on the Court's docket. The billing entries sufficiently identify the subject matter of the attorneys' time expenditures and do not appear excessive singularly.

The amount in controversy involved in this case was significant and the results obtained were conclusively in Plaintiff's favor. Plaintiff also undertook significant time and effort to prosecute his claim to pierce the corporate veil, as well as his claim for quasi-estoppel, both enforcement mechanisms to secure payment of any judgment on the substantive claims for breach of contact, breach of the of the covenant of good faith and fair dealing,[7] and the IWCA claim. Counsel's work litigating this case resulted in Plaintiff recovering nearly all of the damages claimed and obtaining the majority of the equitable relief requested. The fact that the corporate veil was not pierced pursuant to

---

[7] In addition to the breach of contract damages, Plaintiff had also claimed fringe benefits in the amount of approximately $130,000.00 with his claim for breach of the implied covenant of good faith and fair dealing. The damages awarded by jury totaled $456.52.

**MEMORANDUM DECISION AND ORDER - 12**

Plaintiff's claim against Brooke Mauger, does not diminish the efforts of Plaintiff's counsel, as argued by Defendants.

With regard to awards in similar cases, this Court and Idaho state courts have awarded comparable attorney fees in matters involving contingency fee arrangements. *See generally, e.g., Hawes*, 167 Idaho 896; *see also Hardenbrook v. United Parcel Serv., Co.*, No. 1:07-CV-00509-EJL, 2014 WL 524048, at *8 (D. Idaho Feb. 7, 2014); *see also Gerber-Siggelkow v. Allstate Prop. and Cas. Ins. Co.*, No. 1:18-CV-00408-CWD, 2022 WL 1416552 (D. Idaho Feb. 7, 2022).

The Court considered the remaining Rule 54(e)(3) factors and finds they either do not apply or do not affect its determination of the reasonableness of the amount of attorney fees requested in this case. Specifically, there were no time limitations imposed on counsel beyond typical case management deadlines, and there was no relationship between Plaintiff and his counsel prior to this case. After considering all of the Rule 54(e)(3) factors, the Court will exercise its discretion and award Plaintiff, as the prevailing party, attorney fees in the amount of $911,643.42.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

1) Plaintiff's Motion for Attorney Fees (Dkt. 124) is GRANTED.
2) Plaintiff is awarded $911,643.42 in attorney fees pursuant to 29 U.S.C. § 1132(g)(1).

**MEMORANDUM DECISION AND ORDER - 13**

3) An Amended Judgment shall be entered in this matter to reflect an award of attorney fees in the total amount of $911,643.42 in favor of Plaintiff.

DATED: March 28, 2024

Honorable Candy W. Dale
United States Magistrate Judge