IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IVAN DELCHEV IVANOV,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>FITNESS ELITE TRAINING CENTER, INC., an Idaho corporation, DAN MAUGER, and BROOKE MAUGER<br><br>　　　　　　Defendants. | Case No.  1:20-cv-00380-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Before the Court are Plaintiff Ivan Delchev Ivanov's Supplemental Motion for Attorney Fees and Motion to Correct the Amended Judgment. (Dkt. 158, 159.) Defendants filed an objection and Motion to Disallow Plaintiff's Supplemental Motion for Attorney Fees, to which Plaintiff has replied. (Dkt. 163, 164.) Defendants have not filed a response to Plaintiff's Motion to Correct the Amended Judgment and the time for doing so has passed. The motions are ripe for the Court's review.

Having reviewed the record herein, the Court finds the facts and legal arguments are adequately presented in the briefs. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be aided by oral argument, the motions will be decided on the record presently before the Court. Dist.

**MEMORANDUM DECISION AND ORDER – 1**

Idaho L. Civ. R. 7.1(d). After careful consideration of the record, and the parties' briefing and supporting materials, the Court finds as follows.

## BACKGROUND[1]

This case arises from Plaintiff's claim that Defendant Fitness Elite breached the Head Coach Agreement (Agreement) by terminating his employment as the Head Wrestling Coach for Fitness Elite without cause. Plaintiff filed a complaint raising five causes of action: 1) breach of contract; 2) unpaid wages under the Idaho Wage Claim Act ("IWCA"), Idaho Code § 45-615; 3) breach of the implied covenant of good faith and fair dealing; 4) corporate veil piercing; and 5) quasi-estoppel. (Dkt. 1.)

A five-day jury trial was held, and after deliberations on July 28, 2023, the jury returned a verdict in favor of Plaintiff on his claims for breach of contract and breach of the implied covenant of good faith and fair dealing. (Dkt. 93.) The jury found Plaintiff's employment was terminated without cause and awarded Plaintiff $660,000.00 on the breach of contract claim, and $456.52 on the breach of the implied covenant claim. The equitable claims were submitted to the jury for an advisory verdict. (Dkt. 81, 93.) Post-trial motions were filed and, on October 6, 2023, the Court entered its Findings of Fact and Conclusions of Law, issued decisions on the post-trial motions, and entered a Judgment. (Dkt. 117, 118, 119, 120.)

The Judgment awarded Plaintiff a total amount of $2,279,108.55, comprised of trebled damages for unpaid wages pursuant to Idaho Code Section 45-615, damages

---

[1] Because the factual and procedural history are well known to the parties, they are not recited in full here.

**MEMORANDUM DECISION AND ORDER – 2**

awarded on the breach of the implied covenant claim, and prejudgment interest. (Dkt. 46, 117, 118, 119, 120.)[2] On November 30, 2023, the Clerk taxed costs in the amount of $6,100.94. (Dkt. 144.) On March 28, 2024, the Court awarded Plaintiff attorney fees in the amount of $911,643.42, and entered an Amended Judgment. (Dkt. 155, 156.) On April 11, 2024, Plaintiff filed the motions presently before the Court, which will be taken up in turn below. (Dkt. 158, 159.)

## DISCUSSION

### 1.     Supplemental Motion for Attorney Fees

Plaintiff's Supplemental Motion for Attorney Fees requests an award of $32,062.50 in attorney fees for certain post-judgment matters at hourly rates as provided for in the fee Agreement between Plaintiff and his attorneys pursuant to Idaho Rule of Civil Procedure 54. (Dkt. 158.)[3] Defendants oppose the motion, maintaining their objections to certain rulings that are the subject of their appeal and, further, arguing an

---

[2] Defendants have appealed the Court's application of the treble damages provision of Idaho Code Section 45-615, among other rulings. (Dkt. 122, 160.) Consequently, execution on the monetary judgment is stayed pursuant to Federal Rule of Civil Procedure 62(b), pending resolution of the appeal. (Dkt. 151.) While the pendency of the appeal divests a district court of jurisdiction over aspects of the case involved in the appeal, the Court retains the authority to award attorney fees after a notice of appeal has been filed. *Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955 (9th Cir. 1993); *Irvine Unified Sch. Dist. v. Landers*, 2023 WL 8888630, at *3 (9th Cir. Dec. 26, 2023). Further, the district court has discretion to defer a determination on attorney's fees pending appeal. Fed. R. Civ. P. 58 advisory committee notes 1993 amendment. The Court finds it appropriate to decide the motion for supplemental attorney fees at this time, as the requested fees relate to post-judgment proceedings distinct from the issues on appeal and a ruling on the motion at this time promotes judicial economy. Fed. R. Civ. P. 1.

[3] The prior award of attorney fees was pursuant to the contingency fee provision of the Agreement. (Dkt. 155.) Plaintiff did not request fees for post-judgment motions at that time, despite the language of the Agreement providing for the same. (Dkt. 155 at 4, n. 5.) On this Motion, Plaintiff now seeks to invoke that provision of the Agreement.

---

**MEMORANDUM DECISION AND ORDER – 3**

award of supplemental attorney fees is unwarranted and the requested fees are

unreasonable. (Dkt. 163.)

## A.      Legal Standard

"State law establishes the required showing for attorney's fees in an action in

diversity." *Winterrowd v. American General Annuity Ins. Co.*, 556 F.3d 815, 827 (9th

Cir. 2009). Idaho Rule of Civil Procedure 54(e)(1) provides that "[i]n any civil action the

court may award reasonable attorney fees, including paralegal fees, to the prevailing

party…, when provided for by any statute or contract." If the court grants attorney fees, it

must consider the twelve factors set forth in Rule 54(e)(3) in determining the amount of

attorney fees to award:

> (A)    the time and labor required;
> (B)    the novelty and difficulty of the questions;
> (C)    the skill requisite to perform the legal service properly and the experience and ability of the attorney in the particular field of law;
> (D)    the prevailing charges for like work;
> (E)    whether the fee is fixed or contingent;
> (F)    the time limitations imposed by the client or the circumstances of the case;
> (G)    the amount involved and the results obtained;
> (H)    the undesirability of the case;
> (I)    the nature and length of the professional relationship with the client;
> (J)    awards in similar cases;
> (K)    the reasonable case of automated legal research (Computer Assisted Legal Research), if the court finds it was reasonably necessary in preparing a party's case;
> (L)    any other factor which the court deems appropriate in the particular case.

"'Attorney fees are a discretionary matter for the trial court and are reviewed under an

abuse of discretion standard.'" *Bronco Elite Arts & Athletics, LLC v. 106 Garden City,*

*LLC*, 534 P.3d 558, 578 (Idaho 2023) (quoting *Sun Valley Potato Growers, Inc. v. Texas*

**MEMORANDUM DECISION AND ORDER – 4**

*Refinery Corp*., 86 P.3d 475, 483 (Idaho 2004)). When awarding attorney fees, the Court

is required to consider all of the factors listed in Rule 54(e)(3), but is not required to

make specific findings as to each one. *Smith v. Mitton*, 104 P.3d 367, 376 (Idaho 2004)

("When considering the factors, courts need not demonstrate how they employed any of

those factors in reaching an award amount."). The Court may not single out or give undue

weight to any one factor such as to exclude the other factors listed in Rule 54(e)(3). *Sun*

*Valley Potato Growers*, 86 P.3d at 483. The Court possesses considerable discretion in

determining the reasonableness of an attorney fees request. *See Webb v. Ada Cty*., 195

F.3d 524, 526 (9th Cir. 1999).

### B.     Analysis

Relying on the same reasons supporting the prior award of attorney fees, Plaintiff

argues an additional award of fees for post-judgment matters is warranted because he is

the prevailing party and the Rule 54(e)(3) factors weigh in favor of a further award of

attorney fees. (Dkt. 158, 164.) Specifically, Plaintiff seeks recovery of attorney fees

incurred related to: 1) Defendants' objection to Plaintiff's Bill of Costs; 2) Defendants'

request to stay execution of the Judgment; 3) Defendants' refusal to execute and record

the deed of trust; and 4) Defendants' objection to Plaintiff's Motion for Attorney Fees.

Defendants contend that Plaintiff was not the prevailing party on the Defendants' motion

to stay, an award of additional attorney fees would unduly punish Defendants, and the

requested fees are unreasonable. (Dkt. 163.)

**MEMORANDUM DECISION AND ORDER – 5**

1.      **Prevailing Party**

"The determination of whether a party prevailed for purposes of an attorney fee award is a discretionary decision of the trial court." *Allen v. Campbell*, 492 F.3d 1084, 1088 (Idaho 2021) (quoting *Wadsworth Reese, PLLC v. Siddoway & Co., PC*, 445 P.3d 1090, 1095 (Idaho 2019)). Idaho Rule of Civil Procedure 54(d)(1)(B) governs the prevailing part inquiry and provides:

> In determining which party to an action is a prevailing party and entitled to costs, the trial court must, in its sound discretion, consider the final judgment or result of the action in relation to the relief sought by the respective parties. The trial court may determine that a party to an action prevailed in part and did not prevail in part, and on so finding may apportion the costs between and among the parties in a fair and equitable manner after considering all of the issues and claims involved in the action and the resulting judgment or judgments obtained.

*Allen*, 492 F.3d at 1089. The Court must "consider, among other things, how well each party prevailed relative to the 'final judgment or result.'" *Id.* (quoting *Hobson Fabricating Corp. v. SE/Z Const., LLC*, 294 P.3d 171, 175 (Idaho 2012)). "The prevailing party question is examined and determined from an overall view, not a claim-by-claim analysis." *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.*, 117 P.3d 130, 133 (Idaho 2005) (considering claims and counterclaims between multiple plaintiffs and defendants requires examination of the extent to which each party prevailed).

The Court finds Plaintiff is the prevailing party in this action, even when considering the post-judgment matters only. While Defendants were successful in obtaining some relief on their motion to stay execution of judgment pending appeal, Plaintiff has prevailed overall in the post-judgment proceedings. (Dkt. 151, 155, 156.)

**MEMORANDUM DECISION AND ORDER – 6**

Plaintiff was awarded attorney fees in the entirety of the requested contingency fee amount. (Dkt. 155.) The Court granted Defendants' request to stay execution on the monetary judgment, but the stay was contingent on Defendants posting a bond in the full amount of $2,300,000.00. (Dkt. 151.) The Court denied Defendants' request to modify the bond requirement and denied Defendants' request to stay execution and recording of the deed of trust. (Dkt. 151.) Consequently, Plaintiff's motion for an order to show cause was granted in part and denied in part.

In sum, Plaintiff prevailed in all aspects of the post-judgment matters with the exception of the stay of execution on the monetary judgment. As the prevailing party, Plaintiff is entitled to an award of reasonable attorney fees for work on the post-judgment matters.

### 2.      Reasonableness of the Attorney Fees

The time and labor claimed by Plaintiff's counsel for the post-judgment matters reflected in the billing records totals 86.1 hours by two attorneys – John M. Howell and Jarod M. Zimmerman - for a total amount of $32,062.50 in fees requested. (Dkt. 158-2, Dec. Howell.) The majority of work (66.2 hours, totaling $24,447.50 in fees) occurred between October 23 and December 13, 2023, a period of fifty-two days or just under two months. For the time period following December 13, 2023, the billing records reflect a total of 19.9 hours billed by both attorneys for a cumulative total of $7,615.00.

The Court finds the hours claimed are, for the most part, reasonable. However, certain of the billings are unreasonably duplicative. For instance, Mr. Zimmerman reported 10.4 hours that included preparation of the response to Defendants' motion to

**MEMORANDUM DECISION AND ORDER – 7**

stay, and Mr. Howell reported 7.7 hours that included reviewing and revising the same.

Similarly, both attorneys billed time for reviewing and analyzing Defendants' objection

to the bill of costs; preparing, reviewing, and analyzing Defendants' response to the

motion for attorney fees and preparing Plaintiff's reply brief; and reviewing docket

notices and the cost award. Mr. Zimmerman also submitted hours for time spent

strategizing on the same days as Mr. Howell reported hours reviewing similar work.

While some collaboration, overlap, and review of matters by both attorneys may be

warranted, the Court finds a certain portion of the amounts recorded are unduly repetitive

and cumulative. *Daisy Manuf. Co., Inc. v. Paintball Sports, Inc.*, 999 P.2d 914, 918

(Idaho Ct. App. 2000) ("A court is permitted to examine the reasonableness of the time

and labor expended by the attorney under I.R.C.P. 54(e)(3)(A) and need not blindly

accept the figures advanced by the attorney.") (quoting *Craft Wall of Idaho, Inc. v.*

*Stonebraker*, 701 P.2d 324, 326 (Idaho Ct. App. 1985)). The Court has identified 6.7

hours of time spent by Mr. Zimmerman that it finds was duplicative of hours billed by

Mr. Howell. The Court will therefore reduce the amount of supplemental attorney fees

awarded by $2,177.50, to account for the amount of duplicative work the Court finds to

be unreasonable.[4]

Further, there is an apparent inaccuracy in the billing record, with Mr.

Zimmerman reporting he reviewed the Order resolving Defendants' motion to stay and

Plaintiff's motion for order to show cause on December 18, 2023, although the Order was

---

[4] This amount is calculated by multiplying 6.7 hours by Mr. Zimmerman's hourly rate of $325.

**MEMORANDUM DECISION AND ORDER – 8**

not issued until December 19, 2023. (Dkt. 151.) This inaccuracy does not itself warrant a reduction, but the Court will reduce the amount of attorney fees awarded slightly to account for the duplication of time spent on the same work by Mr. Zimmerman and Mr. Howell on December 18 and 19, 2023.

Finally, the Court finds the time and labor spent reviewing the Amended Judgment and drafting a motion to correct the same, totaling 10.8 hours and $4,170.00 in fees, to be excessive and unreasonable. As discussed more fully below, the corrections sought by Plaintiff do not present novel or difficult legal questions; nor do they necessitate an attorney with particularized skill, experience, or ability. The correction to the prejudgment interest award in the Amended Judgment is a simple correction of a typographical error. *Compare* (Dkt. 120, 156.) Plaintiff's request to include costs taxed and post-judgment interest in the judgment is superfluous, as those amounts are plainly included in the judgment. *See* 28 U.S.C. §§ 1920, 1961. Although the Court would likely include costs taxed and post-judgment interest in a second amended judgment in this case for the reasons discussed below, this is only because the Amended Judgment otherwise requires correction relevant to the date prejudgment interest accrued. But for the correction of the typographical error, the Court would likely deny the request to add costs and post-judgment interest to the judgment. For these reasons, the Court finds, in its discretion, that the attorney fees requested relevant to correcting the Amended Judgment should be deducted from the total award of supplemental attorney fees.

As to the novelty and difficulty of the other questions addressed, the Court finds the Defendants' post-judgment motions and objections were somewhat uncommon given

**MEMORANDUM DECISION AND ORDER – 9**

Defendants' positions, but not wholly unheard of or particularly difficult. The Court

ultimately disagreed with Defendants' arguments but stopped short of holding

Defendants' in contempt. Opting instead to reaffirm its directive that Defendants execute

and record the deed of trust, which they have now done, the Court approved the requested

stay of execution on the monetary judgment. (Dkt. 151.) This factor weighs in favor of

granting Plaintiff a reasonable amount of supplemental attorney fees for his counsel's

work in securing the judgment.

As to the factors considering the skill and experience of the attorneys, and the

prevailing charges for like work, the Court finds the hourly rates charged by Plaintiff's

counsel are comparable to the reasonable hourly rates of attorneys of similar experience

and similar work in this area. (Dkt. 124-4, Dec. Rossman; Dkt. 158-2, Dec. Howell.) Mr.

Howell is a partner with approximately 24 years of experience litigating and consulting in

employment law cases. Mr. Zimmerman is an associate with seven years of experience in

civil litigation. Mr. Howell's standard hourly billing rate is $400 and Mr. Zimmerman's

is $325. Mr. Howell has worked on the case since its inception four years ago, and Mr.

Zimmerman became involved in the case shortly before trial and assisted with all pre-trial

matters, the jury trial, and all post-trial matters. (Dkt. 158-2, Dec. Howell.)

The amount involved and the results obtained factor weighs in favor of awarding

Plaintiff reasonable supplemental attorney fees as found herein. As discussed above,

Plaintiff is the prevailing party in this case – including on the post-trial matters. The

amount involved and awarded to Plaintiff on his claims is substantial. Further, the award

is similar to other cases where damages are trebled. (Dkt. 117, 155.) The work performed

**MEMORANDUM DECISION AND ORDER – 10**

by Plaintiff's counsel on the post-trial matters was necessary and appropriate to ensure the judgment is secure while the matter is stayed pending appeal.

### 3.    Conclusion

In sum, the Court considered all of the Rule 54(e)(3) factors. The most relevant factors to its determination of the reasonableness of the amount of supplemental attorney fees requested in this case are discussed above. As to the factors not expressly discussed, the Court finds they either do not apply or do not affect its determination. Specifically, there were no time limitations imposed on counsel beyond typical filing deadlines; there was no relationship between Plaintiff and his counsel prior to this case; and neither side argues the cost of automated legal research affects the reasonableness of the fees requested. Further, the fee agreement provides for an hourly rate for post-judgment matters, which does not weigh for or against the reasonableness of the fees requested in this case. (Dkt. 158-2, Dec. Howell.)

After considering all of the Rule 54(e)(3) factors, the Court will exercise its discretion and award Plaintiff $25,585.00 in supplemental attorney fees for the work performed by counsel on the post-judgment matters. Accordingly, Plaintiff's supplemental motion for attorney fees will be granted in part and denied in part. Defendants' motion to disallow Plaintiff's supplemental motion for attorney fees will be denied.

### 2.    Motion to Correct the Amended Judgment

On this motion, Plaintiff requests three corrections or alterations to the Amended Judgment entered on March 28, 2024: 1) the amount of the prejudgment interest; 2)

**MEMORANDUM DECISION AND ORDER – 11**

inclusion of the costs taxed; and 3) inclusion of the amount of post-judgment interest accrued since the entry of the Judgment. (Dkt. 159.) The motion is made pursuant to Federal Rule of Civil Procedure 60(a) and, alternatively, Rule 59(e). Defendants have not filed a response to the motion. However, Defendants filed notices of appeal that are pending before the Ninth Circuit. (Dkt. 122, 125-126, 160-162.) Having carefully reviewed the Motion and the entire record herein, the Court finds as follows.

A.     **Legal Standard**

Federal Rule of Civil Procedure 60(a) allows for corrections of clerical mistakes, oversights, and omissions contained in a judgment, order, or other part of the record. The Ninth Circuit has "consistently interpreted Rule 60(a) to allow a district court to correct omissions so long as those corrections are limited to clarification of matters intended to be implied or subsumed by the original judgment, rather than a change of course or a modification to the intended legal effect of a judgment." *Garamendi v. Henin*, 683 F.3d 1069, 1077 (9th Cir. 2012) (discussing the difference between Rule 60(a) and Rule 59(e)). The "touchstone" for Rule 60(a) is "fidelity to the intent behind the original judgment." *Id.* at 1078. The district court may invoke Rule 60(a) to "make a judgment reflect the actual intentions of the court, plus the necessary implications," including to facilitate enforcement of its judgment, resolve ambiguity, and clarify its original intention. *Id.* at 1077-80 (emphasis in original) (quoting *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987)). However, where an appeal has been docketed in the appellate court and is pending, such as here, a judgment may be corrected only with the appellate court's leave.

**MEMORANDUM DECISION AND ORDER – 12**

Under Rule 59(e), a court may alter or amend its previous judgment. Fed. R. Civ. P. 59(e). Relief under Rule 59(e) is appropriate when the Court: "(1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in the controlling law." *In re Syncor ERISA Litigation*, 516 F.3d 1095, 1100 (9th Cir. 2008) (citation omitted). While district courts have "considerable discretion" when addressing motions to amend a judgment under Rule 59(e), *Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003), "a Rule 59(e) motion is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

## B.      Indicative Ruling

As an initial matter, the Court is presently without jurisdiction to correct or clarify the judgment pursuant to Rule 60(a), because Defendants have filed an appeal that is pending before the Ninth Circuit. (Dkt. 122, 160.) Generally, "[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." *Nat. Resources Def. Council v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)) (per curiam). As the Ninth Circuit has explained, the purpose of this rule "is to promote judicial economy and avoid the confusion that would ensue from having the same issues before two courts simultaneously." *Id*. More specifically here, Rule 60(a) expressly prohibits the district court from correcting a clerical error or mistake after an appeal has been docketed and is

**MEMORANDUM DECISION AND ORDER – 13**

pending absent leave from the appellate court. Fed. R. Civ. P. 60(a). Thus, the Court will

consider Plaintiff's motion as a request for an indicative ruling. *Tattersalls, Ltd. v.*

*DeHaven*, 745 F.3d 1294, 1297-99 (9th Cir. 2014).[5]

Where "a timely motion is made for relief that the court lacks authority to grant

because of an appeal that has been docketed and is pending," Federal Rule of Civil

Procedure 62.1 allows a district court to "(1) defer considering the motion; (2) deny the

motion; or (3) state either that it would grant the motion if the court of appeals remands

for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a).

Pursuant to Rule 62.1(a)(3), the Court now considers Plaintiff's motion to correct the

judgment for the limited purpose of issuing an indicative ruling.

Were it able, the Court would likely grant the motion, in part, to clarify its original

intention pursuant to Rule 60(a) that prejudgment interest was calculated through the date

of the original Judgment, and that the taxed costs are included in the judgment. (Dkt. 46,

117, 118, 119, 120, 144, 151, 155, 156.) Prejudgment interest totaling $298,652.03, was

calculated through October 6, 2023, the date the original Judgment was entered. (Dkt.

119, 120, 155.) Costs taxed in the amount of $6,100.94 should be included in the

judgment. (Dkt. 144.)

---

[5] Plaintiff did not request an indicative ruling or cite Rule 62.1 in his briefing. (Dkt. 159, 164.)
Defendants filed a notice of appeal of the original Judgment on October 20, 2023, and, on April 24, 2024,
filed a subsequent notice of appeal relevant to the Amended Judgment. (Dkt. 122, 160.) The Court finds
an indicative ruling under Rule 62.1 is appropriate under the circumstances here to correct and clarify the
Court's original intention relevant to the judgment amounts awarded to Plaintiff. Fed. R. Civ. P. 62.1;
*Tattersalls*, 745 F.3d at 1298-99 (holding use of Rule 60(a) was proper to ensure the court's purpose is
fully implemented and to permit enforcement). Further, an indicative ruling promotes judicial efficiency
and economy. Fed. R. Civ. P. 1.

**MEMORANDUM DECISION AND ORDER – 14**

The Court would likely deny the motion's request for inclusion of the calculation of the post-judgment interest accrued. Instead, the judgment would clarify that post-judgment interest should accrue daily until the date of payment at a rate of 5.46%[6] pursuant to 28 U.S.C. § 1961, as follows:

1.      Post-judgment interest on the damages award of $1,980,456.52 and prejudgment interest of $298,652.03, beginning on October 6, 2023. (Dkt. 120.)

2.      Post-judgment interest on the costs taxed of $6,100.94, beginning on November 30, 2023. (Dkt. 144.)

3.      Post-judgment interest on the attorney fees award of $911,643.42, beginning on March 28, 2024. (Dkt. 155.)

4.      Post-judgment interest on the supplemental attorney fees award of $25,585.00 beginning on the date of this Order.

*See Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 290-91 (9th Cir. 1995) (post-judgment interest is paid on all elements of a money judgment, including damages, prejudgment interest, costs, and attorney fees); *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 838–39 (1990) (the single applicable interest rate for the week prior to the date of judgment applies for the entire duration of the interest accrual period); *Madrigal v. Allstate Indemnity Co.*, 697 Fed. Appx. 905, 910 (9th Cir.

---

[6] The statutory rate for post-judgment interest is set based on the date of the judgment. 28 U.S.C. § 1961(a). The Judgment in this case was entered on October 6, 2023. (Dkt. 120.) The statutory rate for the calendar week preceding the date of the judgment was 5.46%. *See* http://www.federalreserve.gov/releases/h15/h15_technical_qa.htm ("Week Ending - Sept. 29, 2023").

**MEMORANDUM DECISION AND ORDER – 15**

2017) ("Under Section 1961, postjudgment interest accrues at a single rate from the date judgment is entered for the duration of the accrual period.") (citing *Soc'y of Lloyd's v. Reinhart*, 402 F.3d 982, 1005 (10th Cir. 2005)).

These corrections and clarifications would memorialize the Court's original intent that the damages, prejudgment interest, costs, attorney fees, and statutory post-judgment interest are included in the final judgment. (Dkt. 46, 117, 118, 119, 120, 144, 151, 155, 156.) If leave were granted by the appellate court, the Court would likely enter a second amended judgment reflecting these corrections and clarifications. *Tattersalls*, 745 F.3d at 1297-99 (Rule 60(a) "allows a court to clarify a judgment in order to correct a failure to memorialize part of its decision, to reflect the necessary implications of the original order, to ensure that the court's purpose is fully implemented, or to permit enforcement.") (quoting *Garamendi*, 683 F.3d at 1079)).

Further, the Court would likely deny the motion to the extent it is based on Rule 59(e). Alteration or amendment of the Amended Judgment under Rule 59(e) is not applicable here. The Plaintiff's motion plainly seeks to correct and clarify the Amended Judgment to more fully reflect the Court's original intent, not to ask that the Court consider changing its mind. *See Garamendi*, 683 F.3d at 1077 (contrasting Rule 59(e) and Rule 60(a)). As such, the motion is properly considered under Rule 60(a).

**MEMORANDUM DECISION AND ORDER – 16**

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Plaintiff's Supplemental Motion Attorney Fees (Dkt. 158) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff is awarded supplemental attorney fees in the amount of **$25,585.00**.

2) Defendants' Motion to Disallow Plaintiff's Supplemental Motion for Attorney Fees (Dkt. 163) is **DENIED**.

3) Plaintiff's Motion to Correct the Amended Judgment (Dkt. 159) is **DENIED WITHOUT PREJUDICE**.

4) The Court **ISSUES** an indictive ruling pursuant to Federal Rule of Civil Procedure 62.1(a)(3), that it would likely grant in part and deny in part Plaintiff's Motion to Correct the Amended Judgment and would enter a second amended judgment were the case to be remanded for that limited purpose.

5) Plaintiff is **DIRECTED** to notify the Clerk of the Ninth Circuit of the indicative decision in accordance with Federal Rule of Appellate Procedure 12.1(a), on or before **July 3, 2024**.

DATED: June 13, 2024

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER – 17**