IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| IVAN DELCHEV IVANOV,<br><br>              Plaintiff,<br><br>  v.<br><br>FITNESS ELITE TRAINING CENTER,<br>INC., an Idaho corporation, DAN<br>MAUGER, and BROOKE MAUGER<br><br>              Defendants. | Case No.  1:20-cv-00380-CWD<br><br>**MEMORANDUM DECISION AND<br>ORDER ON REMAND** |

## INTRODUCTION

This matter is before the Court following a decision on appeal remanding the case in part for further proceedings. (Dkt. 166, 167.) At the Court's direction, the parties conferred and submitted briefing on the two issues identified for remand. (Dkt. 168, 171, 172, 174, 175, 176, 177.) The facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be aided by oral argument, the issues on remand will be decided on the present record. Dist. Idaho L. Civ. R. 7.1(d). The Court finds as follows.

**MEMORANDUM DECISION AND ORDER ON REMAND – 1**

# BACKGROUND[1]

This diversity case arises from Plaintiff's claim that Defendants breached the Head Coach Employment Agreement (Agreement) by terminating Plaintiff's employment as the Head Wrestling Coach for Fitness Elite Training Center without cause. The Complaint raised five causes of action: 1) breach of contract; 2) a claim for unpaid wages under the Idaho Wage Claim Act ("IWCA"), Idaho Code Section 45-615; 3) breach of the implied covenant of good faith and fair dealing; 4) piercing the corporate veil; and 5) quasi-estoppel. (Dkt. 1.)

A five-day jury trial was held, and after deliberations on July 28, 2023, the jury returned a verdict in favor of Plaintiff on his claims for breach of contract and breach of the implied covenant of good faith and fair dealing. (Dkt. 93.) The jury found Plaintiff's employment was terminated without cause and awarded Plaintiff $660,000.00 on the breach of contract claim, and $456.52 on the breach of the implied covenant claim. The equitable claims were submitted to the jury for an advisory verdict. (Dkt. 81, 93.) Post-trial motions were filed and, on October 6, 2023, the Court entered its Findings of Fact and Conclusions of Law, issued decisions on the post-trial motions, and entered a Judgment. (Dkt. 117, 118, 119, 120.)

The Judgment awarded Plaintiff a total amount of $2,279,108.55, comprised of trebled damages for unpaid wages pursuant to the IWCA; the damages awarded on the breach of the implied covenant claim; and pre-judgment interest. (Dkt. 46, 117, 118, 119,

---

[1] Because the factual and procedural history are well known to the parties and the Court, they are not recited in full here.

120.) On November 30, 2023, the Clerk taxed costs in the amount of $6,100.94. (Dkt. 144.) On March 28, 2024, the Court awarded Plaintiff attorney fees in the amount of $911,643.42, and entered an Amended Judgment. (Dkt. 155, 156.) On April 11, 2024, Plaintiff filed a motion for supplemental attorney fees and a motion to amend/correct the judgment. (Dkt. 158, 159.) Defendants filed Notices of Appeal on October 20, 2023, and April 24, 2024. (Dkt. 122, 160.)

On June 13, 2024, the Court entered a Memorandum Decision and Order awarding Plaintiff supplemental attorney fees in the amount of $25,585.00, and issued an indicative ruling regarding Plaintiff's motion to amend/correct the judgment. (Dkt. 165.) On November 5, 2024, the Ninth Circuit Court of Appeals issued a decision reversing in part, affirming in part, vacating in part, and remanding the case for further proceedings. (Dkt. 166.) The Ninth Circuit concluded the Agreement provided for liquidated damages, not wages, and therefore reversed the portions of the Court's judgment trebling the breach of contract damages under the IWCA and awarding fringe benefits. (Dkt. 166.) The award of attorney fees was vacated and remanded, because the calculation was based on the size of the damages award. The mandate was filed on November 27, 2024. (Dkt. 167.)

## DISCUSSION

The parties have identified two issues that require resolution by the Court on remand: 1) calculations of pre-judgment and post-judgment interest; and 2) the award of attorney fees. (Dkt. 171, 174, 175, 176, 177.) The Court will address each issue in turn below.

### 1.    Calculation of Interest

The parties agree that the $660,000.00 award of damages is subject to pre-judgment interest at the Idaho statutory rate of 12% beginning on the date the contract damages became due, June 26, 2020. (Dkt. 171.) However, the parties disagree as to the calculations of pre-judgment and post-judgment interest, and dispute the total amount of interest accrued. Specifically, the parties dispute the dates and judgments from which pre-judgment and post-judgment interest should begin and end.

### A.    Legal Standard

"While the entry of judgment is the traditional dividing line between when pre-judgment interest ends and post-judgment interest begins, it can be blurred by post-judgment litigation and a delay in the payment of a damages award." *Trendsettah USA Inc. v. Swisher Intl. Inc*., 2023 WL 8263365, at *3 (C.D. Cal. Nov. 17, 2023). "The general rule is that when an appellate court reverses a judgment of the district court and directs that a money judgment in favor of a claimant be entered upon remand, pre-judgment interest runs through the date of the newly-entered judgment." *Am. Tel. & Tel. Co. v. United Computer Sys., Inc.* (*AT&T*), 98 F.3d 1206, 1209 (9th Cir. 1996) (citing Fed. R. App. P. 37).

However, "an exception to this rule is made when a legally sufficient determination of damages had been made at the time of some prior judgment, which the judgment upon remand essentially reinstates." *Id.* (citing and discussing *Northrop Corp. v. Triad Intl. Marketing, S.A.*, 842 F.2d 1154, 1156 (9th Cir. 1988)). In determining whether to deviate from the general rule, courts consider: "(1) at what point damages are

sufficiently ascertained, (2) whether the pre-judgment or post-judgment interest rate is higher, and (3) whether the prevailing or losing party is responsible for the delay." *Trendsettah*, 2023 WL 8263365, at *3-4 (citing *AT&T*, 98 F.3d at 1210–11 and *Barnard v. Theobald*, 649 Fed. Appx. 414, 416 (9th Cir. 2016)).

### B.    Pre-Judgment Interest

Plaintiff argues pre-judgment interest should be calculated, based on equitable principles, to begin on June 26, 2020, and continue until the date the Court enters judgment on remand. (Dkt. 175.) This, Plaintiff contends, will most fully compensate the prevailing party. Defendants, on the other hand, argue pre-judgment interest should be calculated to begin on June 25, 2020, and end on the date of the initial Judgment, October 6, 2023, because the Ninth Circuit's remand reinstated the jury's award of $660,000.00 and the damages were sufficiently ascertainable at the time of the jury's verdict. (Dkt. 174.) Having carefully reviewed the entire record, the Court finds that the accrual of pre-judgment interest began June 26, 2020, and ended October 6, 2023, for the reasons explained below.[2]

The damages to be awarded on remand, $660,000.00, were decided by the jury's verdict at the time the October 6, 2023 Judgment was entered. The Ninth Circuit's remand did not disturb the jury's award of damages. (Dkt. 166.) Thus, a legally sufficient

---

[2] Although the Joint Memorandum states the parties agree that pre-judgment interest begins on June 25, 2020, the parties apply different start dates in their briefing of June 25, 2020 and June 26, 2020. (Dkt. 171, 174-177.) It is undisputed that Defendants were obligated to remit the contract payment due to Plaintiff by June 25, 2020, and breached the contract by failing to do so on that day. (Dkt. 175.) Therefore, the contract damages to which pre-judgment interest applies began accruing the following day, June 26, 2020. Accordingly, pre-judgment interest will be calculated beginning on June 26, 2020.

**MEMORANDUM DECISION AND ORDER ON REMAND – 5**

determination of the damages to be awarded on remand was ascertained and supported by evidence at the time of the Judgment. This consideration weighs in favor of calculating pre-judgment interest to end on the date of the Judgment – October 6, 2023.

The Court next considers the differing rates of interest applicable. "As between two judgments, both of which sufficiently ascertain the damages, equitable principles favor selecting the judgment which more fully compensates the prevailing party." *Planned Parenthood v. ACLA*, 518 F.3d 1013, 1021 (9th Cir. 2008) (citing *AT&T*, 98 F.3d at 1211). Here, similar to *AT&T*, the pre-judgment interest rate is higher than the post-judgment interest rate. Applying the pre-judgment interest rate of 12% until the date the remand judgment is entered is favored in equity as it more fully compensates Plaintiff as the prevailing party. That, however, does not end the inquiry. There are other equitable considerations to weigh.

The post-judgment proceedings, most specifically the appeal, were not pursued for improper or dilatory reasons. Defendants exercised their right to appeal a legal matter – whether the contract damages were wages under the IWCA – upon which they prevailed. While payment of damages to Plaintiff has been delayed by the appeal process, equitable principles do not support penalizing Defendants for legitimately pursuing legal remedies. Nor is Plaintiff entitled to a greater recovery because of the additional time required to finalize the amount of damages and the judgment. Indeed, had the damages been calculated in the first instance consistent with the Ninth Circuit's determination, there would be no question that pre-judgment interest ended when Judgment was entered on

**MEMORANDUM DECISION AND ORDER ON REMAND – 6**

October 6, 2023. For these reasons, the Court finds that equity favors calculating pre-judgment interest to end October 6, 2023.

While Plaintiff strongly argues that equity favoring the prevailing party demands pre-judgment interest continue accruing until the judgment on remand is issued, the Court finds the totality of the equities in this case does not justify that result. As discussed below, Plaintiff will be awarded post-judgment interest beginning October 6, 2023, which appropriately addresses the equitable considerations relevant to the delay in payment of damages to Plaintiff. When viewed together, the awards of pre-judgment and post-judgment interest will properly balance the equities in this case given the length of time the prevailing party Plaintiff has been awaiting payment, while recognizing Defendants' right to appeal.

Additionally, the parties disagree as to whether pre-judgment interest should be compounded. (Dkt. 174, 175.) The Court's prior calculations of pre-judgment interest applied the Idaho statutory rate of 12%, compounded annually. (Dkt. 119, 120, 155, 156, 165.) However, upon further review, pre-judgment interest is not compounded annually under Idaho law. *Doolittle v. Meridian Joint School Dist. No. 2*, 919 P.2d 334, 343 (Idaho 1996); *Edmark Auto, Inc. v. Zurich Am. Insur. Co.*, 2020 WL 127979, at *15 (D. Idaho 2020); Idaho Code § 28-22-104. Therefore, the calculation of pre-judgment interest on remand will not be compounded annually. *AT&T*, 98 F.3d at 1209 ("In diversity actions,

state law determines the rate of pre-judgment interest, and post-judgment interest is covered by federal law.").[3]

Based on the foregoing, pre-judgment interest will be calculated to accrue on June 26, 2020, and end October 6, 2023, as follows: $660,000.00 x 12% = $79,200.00 annually/$216.99 per day, for 1197 days, equaling a total pre-judgment interest award of $259,737.03.[4]

### C.    Post-Judgment Interest

"Section 1961 provides for the mandatory award of post-judgment interest 'on any money judgment in a civil case recovered in a district court.'" *Planned Parenthood of Columbia/Willamette Inc. v. Am. Coal. of Life Activities*, 518 F.3d 1013, 1017 (9th Cir. 2008) (citation omitted and quoting 28 U.S.C. § 1961(a)). "Post-judgment interest must run from the date of a judgment when the damages were 'supported by the evidence' and meaningfully 'ascertained.'" *Id.* at 1017-18 (citing *Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827, 835–36 (1990); *Tinsley v. Sea–Land Corp.*, 979 F.2d 1382, 1383 (9th Cir. 1992)). An appellate court "may reverse and remand a judgment without concluding that it is erroneous or unsupported by the evidence. When the legal and

---

[3] Plaintiff does not dispute that pre-judgment interest is not compounded under Idaho law. Instead, Plaintiff contends that pre-judgment interest should be compounded in this action because Defendants did not contest, on appeal or otherwise, the calculation methodology previously applied and, therefore, that methodology is the law of the case. (Dkt. 177 at 6-7.) The Court finds otherwise. The calculation of pre-judgment interest must be consistent with Idaho law. The law of the case doctrine does not justify a misapplication of the law. The calculation of pre-judgment interest stated herein is in accordance with the order of remand and Idaho law.

[4] For clarification, October 6, 2023, is not included in the number of days for calculating pre-judgment interest, as the entry of judgment on that date ceased accrual of pre-judgment interest. As discussed below, October 6, 2023, is the first date post-judgment interest began accruing.

**MEMORANDUM DECISION AND ORDER ON REMAND – 8**

evidentiary basis of an award is thus preserved, post-judgment interest is ordinarily 'computed from the date of [the judgment's] initial entry.'" *Id.* (citations omitted). Further, courts "consider whether 'equitable principles favor calculating the interest in a manner that more fully compensates the prevailing party.'" *Barnard v. Theobald*, 649 Fed. Appx. 413, 416 (9th Cir. 2016) (quoting *AT&T*, 98 F.3d at 1210)).

Here, Defendants argue post-judgment interest began to accrue on November 5, 2024, the date the Ninth Circuit issued its Order of remand, at a rate of 4.28%, and that no post-judgment interest should be awarded for the period of time between October 6, 2023, and November 5, 2024. (Dkt. 174, 176.) Alternatively, Defendants argue any interest awarded to Plaintiff for the period from October 6, 2023, to November 5, 2024, should be post-judgment interest accruing at a rate of 5.46%. (Dkt. 174.) Plaintiff maintains that pre-judgment interest should continue until the Court enters judgment on remand, and post-judgment interest should begin on the date the remand judgment is entered, as the Ninth Circuit's mandate did not direct the entry of a specified money judgment on remand but rather remanded for further proceedings. (Dkt. 175, 177.)

As discussed above, the jury's award of $660,000.00 in contract damages, which was upheld on appeal, was supported by evidence and meaningfully ascertained when Judgment was entered on October 6, 2023. *Planned Parenthood of Columbia/Willamette*, 518 F.3d at 1017-18. Likewise, pre-judgment interest on the contract damages was meaningfully ascertained on October 6, 2023. Post-judgment interest on the contract damages and pre-judgment interest therefore began accruing on that date. *Id.* The award of costs in the amount of $6,100.94 was taxed on November 30, 2023. (Dkt. 144.) Post-

**MEMORANDUM DECISION AND ORDER ON REMAND – 9**

judgment interest on the costs therefore was ascertained and began accruing on

November 30, 2023. *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d

288, 290 (9th Cir. 1995) (stating post-judgment interest under 28 U.S.C. § 1961 is

mandatory on any money judgment in a civil case, including pre-judgment interest and

costs). Likewise, the award of $25,585.00 in supplemental attorney fees on June 13, 2024

was ascertained and began accruing post-judgment interest on that date. *Id.*; (Dkt. 165.)

Defendants' argument that neither pre-judgment nor post-judgment interest should accrue

for the time period between October 6, 2023, and November 5, 2024, is contrary to

equitable principles favoring more fully compensating Plaintiff, who is the prevailing

party and has been awaiting payment of the contract damages due since October 6, 2023,

and costs taxed since November 30, 2023. *Barnard*, 649 Fed. Appx. at 416. For these

reasons, the Court will award post-judgment interest beginning on October 6, 2023, for

the contract damages and pre-judgment interest; on November 30, 2023, for costs; and on

June 13, 2024, for the award of supplemental attorney fees.

By statute, post-judgment interest is computed daily and compounded annually

until the date of payment at a statutory rate set pursuant to 28 U.S.C. § 1961. *AT&T*, 98

F.3d at 1209 (Federal law governs post-judgment interest in diversity cases.). The

statutory rate for post-judgment interest is set based on the date of the judgment. 28

U.S.C. § 1961(a). The Judgment in this case was entered on October 6, 2023. (Dkt. 120.)[5]

---

[5] Appropriately, neither party argues that post-judgment interest should run from the date of the Amended Judgment, March 28, 2024, as the Amended Judgment served only to include the post-trial award of attorney fees and did not alter the initial Judgment's award of damages and pre-judgment interest. (Dkt. 155, 156.)

**MEMORANDUM DECISION AND ORDER ON REMAND – 10**

The statutory rate for the calendar week preceding October 6, 2023, was 5.46%.[6] Post-judgment interest is therefore accruing at a rate of 5.46% beginning on October 6, 2023, on the $660,000.00 in contract damages and $259,737.03 in pre-judgment interest. Costs in the amount of $6,100.94 were taxed on November 30, 2023, and post-judgment interest is accruing on the costs amount at the statutory rate of 5.26%. Supplemental attorney fees were awarded on June 13, 2024, in the amount of $25,585.00, to which post-judgment interest is accruing at the statutory rate of 5.12%.

Based on the foregoing, post-judgment interest is calculated as of the date of this order, March 3, 2025, as follows:

**Year 1 Total $50,537.90 ($50,216.70 + $321.20)**

a) Damages: ($660,000.00 + $259,737.03) = $919,737.03

- $919,737.03 x 5.46% = $137.58 (daily) x 365 days (October 6, 2023 to October 6, 2024) = $50,216.70

b) Costs: $6,100.94 x 5.26% = $0.88 (daily) x 365 days (November 30, 2023 to November 30, 2024) = $321.20

**Year 2 Total $22,508.50** (as of March 3, 2025)

a) Damages: $919,737.03 + $50,216.70 = $969,953.73 (annual compounding)

---

[6] The statutory rates of interest are found at: http://www.federalreserve.gov/releases/h15 (Weeks Ending: Sept. 29, 2023, November 24, 2023, June 7, 2024, and February 28, 2025).

**MEMORANDUM DECISION AND ORDER ON REMAND – 11**

- $969,953.73 x 5.46% = $145.09 (daily) (October 7, 2024 to
  March 3, 2025) x 148 days = $21,473.32

b) Costs: $6,100.94 + $321.20 = $6,422.14 x 5.26% = $0.93 (daily)
(November 30, 2024 to March 3, 2025) x 94 days = $87.42

c) Supplemental Attorney Fees: $25,585.00 x 5.12% = $3.59 (daily) (June
13, 2024 to March 3, 2025) 264 days = $947.76

Because more than one year has passed since the Judgment was entered and costs
were taxed, post-judgment interest is compounded annually for the first year as to the
contract damages, pre-judgment interest, and costs. 28 U.S.C. § 1961(b). To calculate
compound interest for year two, the amount of the prior year's interest is added to the
contract damages, pre-judgment interest, and costs to yield the new total principal amount
applicable to the current year's interest calculation. The current year's daily rates for
post-judgment interest on the damages, pre-judgment interest, costs, and supplemental
attorney fees are applied to the new total principal amounts for year two. There is no
annual compounded interest on the award of supplemental attorney fees to date, as that
award was made less than one year ago.[7]

The attorney fees awarded herein, as discussed below, in the amount of
$367,894.81, were not ascertainable prior to the date of this Order. Therefore, post-

---

[7] While Defendants generally argue Plaintiff is not entitled to any attorney fees on remand,
Defendants have not specifically contested the award of supplemental attorney fees on appeal or on
remand. The reasoning underlying the supplemental attorney fees is consistent with the Court's ruling
stated herein.

**MEMORANDUM DECISION AND ORDER ON REMAND – 12**

judgment interest on that award of attorney fees will begin accruing as of the date of this Order.

## 2.    Award of Attorney Fees

The Court previously awarded Plaintiff attorney fees under the IWCA, Idaho Code Section 45-615(2), and Idaho Rule of Civil Procedure 54, in the amount of $911,643.42, representing a contingency fee amount of forty percent (40%) of the then-total judgment amount of $2,279,108.55. (Dkt. 120, 155.) The award of attorney fees was vacated and remanded for further proceedings, because the calculation of attorney fees was based on the size of the damages award trebled under the IWCA. (Dkt. 166.)

On remand, Plaintiff maintains he is the prevailing party, having prevailed on the breach of contract claim, which is the gravamen of this lawsuit, and requests attorney fees under Idaho Code Section 12-120(3) in the amount of forty percent (40%) of the damages awarded on that claim plus pre-judgment interest. (Dkt. 175, 177.) Defendants oppose any award of attorney fees, arguing Plaintiff is not the prevailing party; the requested attorney fees are not apportioned and the claims are inseparably intertwined; and attorney fees are precluded and subsumed in the liquidated damages under the terms of the Agreement. (Dkt. 174, 176.)

As an initial matter, both parties challenge the present arguments made by the other as being inconsistent with their arguments made prior to the remand. The Court is unpersuaded by these contentions. The context of the claims and posture of the litigation were different at the time the Court found the IWCA applied. Accordingly, the Court will address below the parties' arguments relevant to the request for attorney fees post-

remand. The Court will first consider the terms of the Agreement, and will then proceed

with the applicable analyses under Idaho Code Section 12-120(3) and Idaho Rule of Civil

Procedure 54.

### A.  The Agreement's Exclusive Remedies Provisions[8]

The Agreement's liquidated damages and waiver of claims provisions do not

preclude an award of attorney fees, as Defendants contend. (Dkt. 174 at 11) (citing Dkt.

35-4 and Trial Ex. 101.) The liquidated damages provision provides, as relevant here, that

if Plaintiff is terminated without cause, Defendants will pay Plaintiff liquidated damages

as provided therein "in lieu of any and all other legal remedies or equitable relief." (Dkt.

35-4 and Trial Ex. 101 at 5.)[9] The waiver of claims provision states as follows:

> **D. Waiver of Claims.** <u>The financial consequences of termination of this Agreement or suspension hereunder are exclusively set forth herein</u>. Therefore, with the sole exception of payments required by this Agreement, in any instance of termination for cause or without cause, or suspension effected in accordance with the procedures established in this Agreement, neither Coach nor the School shall be entitled to receive, and each hereby <u>waives any claim</u> against the other, and their respective officers, directors, agents, employees, successors, and personal representatives for consequential damages by reason of any alleged economic loss, including, without limitation, loss of collateral income, deferred income, loss of earning capacity, loss of business opportunity, loss of perquisites, loss of fees from speech, camp or other outside activity, or exception income, or damages allegedly sustained by reason of alleged humiliation or defamation resulting from the fact of termination, the public announcement thereof, or

---

[8] Defendants initially argue that liquidated damages are the exclusive remedy under the terms of the Agreement, but do not mention this argument in their reply brief. (Dkt. 174 at 11-12.) It is unclear whether Defendants have abandoned this argument or simply addressed only Plaintiff's arguments in their reply brief, which is entirely proper. (Dkt. 176.) The Court will address the argument herein for completeness.

[9] Notably, there is no similar language in the reciprocating liquidated damages provision limiting Defendants to the remaining balance of the contract in lieu of any and all other legal remedies or equitable relief available to Defendants. (Dkt. 36-4 at 6.)

the release by the School or Coach of information or documents required by
law. Coach acknowledges that in the event of termination of this
Agreement for cause, without cause or otherwise, Coach shall have no right
to occupy the position of Head Wrestling Coach and that <u>his sole remedies
are provided herein and shall not extend to injunctive relief.</u>

(Dkt. 35-4 and Trial Ex. 101 at 6-7) (underlining added).

While both provisions preclude the parties from seeking certain damages outside
of the Agreement, neither of these provisions contemplates nor excludes recovery of
attorney fees incurred by either party to enforce the Agreement. Nor does the Agreement
speak to how the parties must proceed in the event of a dispute between them, aside from
designating Idaho as the governing law and venue. (Dkt. 35-4 and Trial Ex. 101 at 7.)
Because the Agreement did not address the payment or non-payment of attorney fees
incurred by a party to enforce its terms, such attorney fees are not precluded. *See e.g.*
*Schroeder v. Partin*, 259 P.3d 617, 624-25 (Idaho 2011) (holding the liquidated damages
clause was enforceable and recognizing a prevailing party in a civil action to recover on a
commercial transaction shall be allowed a reasonable attorney fee).

The case cited by Defendants, *McEnroe v. Morgan*, 678 P.2d 595 (Idaho Ct. App.
1984), is inapposite. (Dkt. 174 at 12.) In *McEnroe*, the Idaho Supreme Court considered
an award of attorney fees in determining whether an amount retained under a liquidated
damages provision constitutes a penalty. *Id.* at 603. There, the court concluded that,
where attorney fees and costs are found to be part of the liquidated damages retained by
the prevailing party, they cannot also be awarded against the non-prevailing party as
damages as doing so would result in double recovery. That is not the case here.

MEMORANDUM DECISION AND ORDER ON REMAND – 15

The attorney fees sought by Plaintiff are not part of the liquidated damages provided for in the Agreement. Rather, the liquidated damages provision states that, upon Plaintiff's termination without cause, Defendants will pay Plaintiff the remaining balance of the contract, prorated as of the date of termination, to be paid in a single lump amount within sixty days of termination. (Dkt. 35-4 and Trial Ex. 101 at 5.) Had Defendants paid that amount as required, Plaintiff would not have incurred any attorney fees. But, Defendants breached the Agreement by refusing to pay the liquidated damages. Consequently, Plaintiff was forced to retain counsel to enforce payment of the liquidated damages provision, which was intended to afford the non-breaching party to the contract the benefits of the Agreement.

Neither the liquidated damages provision nor any of the Agreement's other terms addressed the costs associated with either party bringing an action to enforce the Agreement. The provisions of the Agreement related to limitations on remedies and waivers of claims concern losses of benefits, income, employment and the like related to the termination of the Agreement, but not the costs associated with enforcing the terms of the Agreement. Therefore, an award of attorney fees here is not duplicative of the liquidated damages provided for in the Agreement, as was the case in *McEnroe*.

Based on the foregoing, the Court finds the attorney fees incurred by Plaintiff in this litigation to enforce the liquidated damages provision are not damages or "financial consequences" arising out of the termination of his employment and, therefore, are not excluded from recovery under the terms of the Agreement. *Schroeder*, 259 P.3d at 624-25.

**MEMORANDUM DECISION AND ORDER ON REMAND – 16**

### B.  Attorney Fees Under Idaho Code Section 12-120(3)[10]

"State law establishes the required showing for attorney's fees in an action in

diversity." *Winterrowd v. Am. Gen. Annuity Ins. Co*., 556 F.3d 815, 827 (9th Cir. 2009).

Idaho Rule of Civil Procedure 54(e)(1) provides that "[i]n any civil action the court may

award reasonable attorney fees, including paralegal fees, to the prevailing party…, when

provided for by any statute or contract."

Under Idaho Code Section 12-120(3), the prevailing party shall be allowed

reasonable attorney fees in actions on contracts or "commercial transactions." Idaho Code

§ 12-120(3). "[A]ll transactions except transactions for personal or household purposes"

are commercial transactions. *Id*. "There are 'two stages of analysis to determine whether

a prevailing party could avail itself of [Idaho Code Section] 12-120(3): (1) there must be

a commercial transaction that is integral to the claim; and (2) the commercial transaction

must be the basis upon which recovery is sought.'" *Genho v. Riverdale Hot Springs, LLC*,

560 P.3d 1041, 1054 (Idaho 2024) (quoting *Breckenridge Prop. Fund 2016, LLC v. Wally*

*Enters., Inc*., 516 P.3d 73, 87 (Idaho 2022)). "In other words, recovery of attorney's fees

under section 12-120(3) hinges on 'whether the gravamen of a claim is a commercial

transaction.'" *Day v. Idaho Transp. Dept.*, 533 P.3d 1227, 1245 (Idaho 2023) (quoting

---

[10] Defendants argue the IWCA is the exclusive remedy provision for recovery of attorney fees on a claim for unpaid wages, prohibiting a party from recovering attorney fees on that claim under Idaho Code Section 12-120(3). (Dkt. 174 at 9-10.) The Idaho Supreme Court recently held that employees may pursue alternative remedies to recover unpaid wages under the IWCA and common law breach of contract. *Lister v. Lister Frost Injury Lawyers PLLC*, 560 P.3d 1007, 1028 (Idaho 2024). Thus, a prevailing party may be awarded attorney fees pursuant to the IWCA and Idaho Code Section 12-120(3) in a case involving a wage claim. *Id.* at 1024-1028. Here, neither party argues that the IWCA is the basis for an award of attorney fees following remand. The Court will therefore analyze the request for attorney fees only under Idaho Code Section 12-120(3).

*Sims v. Jacobson*, 342 P.3d 907, 912 (Idaho 2015) (citation omitted)). In making this

determination, the Idaho Supreme Court has instructed:

> [I]t is not enough for the claimed commercial transaction to be only
> "tangentially involved" in the litigation. [*Breckenridge Prop. Fund*, 516
> P.3d at 87]. Therefore, we look at the gravamen of the lawsuit, as well as
> the gravamen of each individual claim. *Id*. When the claims based on a
> contract or commercial transaction are "inseparably intertwined" with
> claims that are not commercial in nature, and the fee request does not
> apportion the attorney fees on each claim, attorney fees are not recoverable.
> *Brooks v. Gigray Ranches, Inc.*, 910 P.2d 744, 749–51 (Idaho 1996). But, if
> the gravamen of the lawsuit is commercial in nature, and a party prevails on
> some claims that qualify as commercial transactions under section 12-
> 120(3), that party is entitled to attorney fees under section 12-120(3) on
> those claims. Thus, to be safe, a party claiming attorney fees under the
> statutory authority of section 12-120(3) must apportion fees between its
> causes of action. *See Knudsen v. J.R. Simplot Co*., 483 P.3d 313, 330 (Idaho
> 2021). "Where fees were not apportioned between a claim that qualifies
> under [Idaho Code] § 12-120(3) and one that does not, no fees are to be
> awarded." *Id*. (quoting *Rockefeller v. Grabow*, 39 P.3d 577, 585 (2001)).

*Genho*, 560 P.3d at 1054-55 (citations modified). For purposes of Idaho Code

Section 12-120(3), "[c]ourts analyze the gravamen claim by claim." *Day*, 533 P.3d

at 1245.

Applying the foregoing here, the Court finds Plaintiff is entitled to attorney fees on

the breach of contract claim under Idaho Code Section 12-120(3). The Agreement

between the parties was a commercial transaction. *See Carbajal v. Hayes Mngmt. Servs.,*

*Inc.*, 2024 WL 4008548, at *1 (D. Idaho Aug. 30, 2024) (stating employment contracts

are commercial transactions subject to the attorney fee provision of Idaho Code § 12-

120(3)) (citing *Oakes v. Boise Heart Clinic Physicians, PLLC*, 272 P.3d 512, 519 (Idaho

2012)). The Agreement was integral to the claims of both parties. Importantly here, the

Agreement was integral to and was the sole basis for the breach of contract claim, the

**MEMORANDUM DECISION AND ORDER ON REMAND – 18**

only claim upon which Plaintiff seeks to recover attorney fees. *Day*, 533 P.3d at 1245 (quoting *Knudsen*, 483 P.3d at 329).

Being well-versed in the facts and record, the Court finds the gravamen of the breach of contract claim and, indeed, this entire lawsuit is unquestionably the Agreement between the parties. Plaintiff's claims arise from and are based on the parties' rights and responsibilities under the Agreement – in particular, Defendants' breach of the Agreement by failing to pay the remaining contract balance after terminating Plaintiff's employment as head wrestling coach without cause. (Dkt. 1.) Defendants' counterclaim was also based entirely on the Agreement. (Dkt. 11.) Because the Agreement is a commercial transaction integral to the breach of contract claim and constitutes the sole basis upon which attorney fees are sought, Plaintiff is entitled to attorney fees under Idaho Code Section 12-120(3). *Knudsen*, 483 P.3d at 329.

The Court further finds that attorney fees are not barred, as Defendants contend, on the grounds that Plaintiff failed to apportion or because the claims are inseparably intertwined. (Dkt. 174, 176.) Plaintiff requests attorney fees in the amount of forty-percent (40%) of the breach of contract damages awarded by the jury and affirmed on remand ($660,000.00) plus pre-judgment interest. (Dkt. 175, 177). Thus, the only claim upon which Plaintiff seeks attorney fees under Idaho Code Section 12-120(3) is the breach of contract claim, which a commercial transaction is integral to and is the gravamen of that claim. The requested attorney fees are therefore limited to and based only on the breach of contract claim, not on any claims that do not qualify for fees under Idaho Code Section 12-120(3). For the same reason, the requested attorney fees are not

inseparably intertwined with claims upon which an attorney fee award is not available under Idaho Code Section 12-120(3). Again, the attorney fee requested is based only on the breach of contract claim. The fees sought to be recovered apply only to that claim. No further apportionment is required and any failure to apportion is not preclusive of Plaintiff's request for attorney fees.

Next, the Court considers whether Plaintiff is the prevailing party.[11] "The determination of whether a party prevailed for purposes of an attorney fee award is a discretionary decision of the trial court." *Allen v. Campbell*, 492 F.3d 1084, 1088 (Idaho 2021) (quoting *Wadsworth Reese, PLLC v. Siddoway & Co., PC*, 445 P.3d 1090, 1095 (Idaho 2019)). Idaho Rule of Civil Procedure 54(d)(1)(B) governs the prevailing party inquiry and provides:

> In determining which party to an action is a prevailing party and entitled to costs, the trial court must, in its sound discretion, consider the final judgment or result of the action in relation to the relief sought by the respective parties. The trial court may determine that a party to an action prevailed in part and did not prevail in part, and on so finding may apportion the costs between and among the parties in a fair and equitable manner after considering all of the issues and claims involved in the action and the resulting judgment or judgments obtained.

*Allen*, 492 F.3d at 1089. The Court must "consider, among other things, how well each party prevailed relative to the 'final judgment or result.'" *Id.* (quoting *Hobson*

---

[11] Plaintiff contends there is no basis for reevaluating whether he is the prevailing party as Defendant did not appeal the issue and doing so is contrary to the Ninth Circuit's decision and mandate. (Dkt. 177 at 3-4.) The Ninth Circuit's decision and mandate are unclear as to whether the appellate court took a position concerning the prevailing party and the award of attorney fees. (Dkt. 166.) Rather, the matter was remanded for further proceedings. Further, a different statute applies to the award of attorney fees on remand. For these reasons, the Court will discuss the prevailing party issue to provide a complete analysis of the award of attorney fees under Idaho Code Section 12-120(3).

*Fabricating Corp. v. SE/Z Const., LLC*, 294 P.3d 171, 175 (Idaho 2012)). "The prevailing party question is examined and determined from an overall view, not a claim-by-claim analysis." *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.*, 117 P.3d 130, 133 (Idaho 2005) (considering claims and counterclaims between multiple plaintiffs and defendants requires examination of the extent to which each party prevailed).

Plaintiff is clearly the overall prevailing party in this action. The Ninth Circuit affirmed the jury verdict finding Defendants breached the Agreement by terminating Plaintiff's employment without cause and the award of damages in the amount of $660,000.00. (Dkt. 93, 166.) The Ninth Circuit affirmed the determinations relevant to the place of contract performance, piercing the corporate veil, and execution of the deed of trust. (Dkt. 118, 166.) Plaintiff also prevailed in the post-judgment proceedings before this Court relevant to the posting of a bond in the full amount of the judgment, recording of the deed of trust, and supplemental attorney fees. (Dkt. 151, 165, 166.) Defendants' success on appeal relevant to the IWCA and fringe benefits claims do not nullify or outweigh the claims and several other determinations upon which Plaintiff has prevailed. On whole, the Court finds that Plaintiff prevailed in this litigation. He won on his claims to enforce payment of the liquidated damages provision and pierce the corporate veil, and he defeated the Defendants' several efforts to avoid payment due under the Agreement. While application of the IWCA would have increased the amount of damages received, the claims and determinations that Plaintiff prevailed upon were the essential and central contentions of this case. For these reasons, Plaintiff is the overall prevailing party.

Based on all of the foregoing, the Court finds Plaintiff is entitled to an award of reasonable attorney fees under Idaho Code Section 12-120(3).

### C. Reasonableness of the Attorney Fees

If the court grants attorney fees, it must consider the twelve factors set forth in Idaho Rule of Civil Procedure 54(e)(3) in determining the amount of attorney fees to award:

(A)  the time and labor required;
(B)  the novelty and difficulty of the questions;
(C)  the skill requisite to perform the legal service properly and the experience and ability of the attorney in the particular field of law;
(D)  the prevailing charges for like work;
(E)  whether the fee is fixed or contingent;
(F)  the time limitations imposed by the client or the circumstances of the case;
(G)  the amount involved and the results obtained;
(H)  the undesirability of the case;
(I)  the nature and length of the professional relationship with the client;
(J)  awards in similar cases;
(K)  the reasonable case of automated legal research (Computer Assisted Legal Research), if the court finds it was reasonably necessary in preparing a party's case;
(L)  any other factor which the court deems appropriate in the particular case.

"'Attorney fees are a discretionary matter for the trial court and are reviewed under an abuse of discretion standard.'" *Bronco Elite Arts & Athletics, LLC v. 106 Garden City, LLC*, 534 P.3d 558, 578 (Idaho 2023) (quoting *Sun Valley Potato Growers, Inc. v. Texas Refinery Corp.*, 86 P.3d 475, 483 (Idaho 2004)). When awarding attorney fees, the Court is required to consider all of the factors listed in Rule 54(e)(3), but is not required to make specific findings as to each one. *Smith v. Mitton*, 104 P.3d 367, 376 (Idaho 2004) ("When considering the factors, courts need not demonstrate how they employed any of

those factors in reaching an award amount."). The Court may not single out or give undue weight to any one factor such as to exclude the other factors listed in Rule 54(e)(3). *Sun Valley Potato Growers*, 86 P.3d at 483. The Court possesses considerable discretion in determining the reasonableness of an attorney fee request. *See Webb v. Ada Cty.*, 195 F.3d 524, 526 (9th Cir. 1999).

Here, Plaintiff requests attorney fees in the amount of a forty-percent (40%) contingency fee on the remand award of contract damages ($660,000.00), plus pre-judgment interest. (Dkt. 175.) Defendants argue the requested fee is unreasonable, because the breach of contract claim and IWCA claim are inseparably intertwined, making it impossible to differentiate the time and labor expended on each of the claims. (Dkt. 174.) Further, Defendants contend the breach of contract claim was not novel or difficult, and that the result obtained, desirability of the case, and the other Rule 54(e)(3) factors weigh against the requested fee.

Having considered all of the factors listed in Rule 54(e)(3), the Court finds the requested forty-percent (40%) contingency fee of the total amount of the breach of contract damages and pre-judgment interest is reasonable and appropriate under the circumstances of this case. The fee is representative of the time, labor, skill, and experience required by Plaintiff's counsel to prevail on the breach of contract claim and piercing the corporate veil as to Dan Mauger. Because the damages awarded are specific to the breach of contract claim, the contingency fee based on the same damages is proportional to the work performed on the breach of contract claim. Further, the Court

finds the amount of the contingency fee charged is reasonable and consistent with the types of fees charged for like work in this District.

In making this determination, the Court incorporates its prior rulings which are consistent with and supportive of the decision stated herein. (Dkt. 155, 165.) As to the Rule 54(e)(3) factors not expressly discussed, the Court finds they either do not apply or do not affect its determination. For these reasons, the Court will award Plaintiff reasonable attorney fees in the amount of $367,894.81, calculated as forty-percent (40%) of the total award of the breach of contract damages ($660,000.00), plus pre-judgment interest ($259,737.03).[12]

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** as follows:

1) Plaintiff is awarded $660,000.00 in damages, $6,100.94 in costs, and $25,585.00 in supplemental attorney fees.

2) Plaintiff is awarded pre-judgment interest in the amount of $259,737.03.

3) Plaintiff is awarded attorney fees in the amount of $367,894.81.

4) Plaintiff is awarded post-judgment interest in the present amount of $73,046.40, as of the date of this Order.

---

[12] This award of attorney fees ($367,894.81) is exclusive of the award of supplemental attorney fees ($25,585.00), which Defendants have not contested. *See Supra* at 12, n 7. The supplemental attorney fee award will be included in the Second Amended Judgment.

**MEMORANDUM DECISION AND ORDER ON REMAND – 24**

5) The total amount of the Judgment awarded to Plaintiff as of the date of this
   Order is $1,392,364.18.

6) A Second Amended Judgment will be entered separately consistent with this
   Order and prior rulings.

DATED: March 3, 2025

Honorable Candy W. Dale
United States Magistrate Judge