IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IVAN DELCHEV IVANOV,<br><br>        Plaintiff,<br>v.<br><br>FITNESS ELITE TRAINING CENTER, INC., an Idaho corporation, DAN MAUGER, and BROOKE MAUGER<br><br>        Defendants. | Case No.  1:20-cv-00380-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court are Plaintiff Ivan Delchev Ivanov's Motion for Disbursement of Funds and Second Motion for Supplemental Attorney Fees, and Defendants' Motion for Leave to Supplement. (Dkt. 180, 182, 189.) Having reviewed the record herein, the Court finds the facts and legal arguments are adequately presented in the briefs. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be aided by oral argument, the motions will be decided on the record presently before the Court. Dist. Idaho L. Civ. R. 7.1(d). After careful consideration of the record, and the parties' briefing and supporting materials, the Court finds as follows.

**MEMORANDUM DECISION AND ORDER – 1**

## DISCUSSION

1.   **Second Supplemental Attorney Fees[1]**

Plaintiff's Second Motion for Supplemental Attorney Fees requests an award of $23,297.50 in attorney fees for work on post-remand matters at hourly rates provided for in his fee Agreement with counsel pursuant to Idaho Rule of Civil Procedure 54. (Dkt. 182, 187.) Relying on the same reasons supporting his prior awards of attorney fees, Plaintiff requests an additional award of attorney fees for post-remand work, arguing he is the prevailing party and that the Rule 54(e)(3) factors weigh in favor of a further award. (Dkt. 182, 187.) Defendants oppose the motion, maintaining Plaintiff is not the prevailing party and not entitled to attorney fees, and that the amount of fees requested is unreasonable. (Dkt. 186.) Further, Defendants filed a supplemental objection arguing Plaintiff's motion should be denied as it is in contravention of the parties' joint memorandum regarding further proceedings on remand, the Court's Orders, the Local Civil Rules, and because Plaintiff waived or should be estopped from pursuing the motion. (Dkt. 188.)[2] The Court will first

---

[1] Plaintiff's motion for supplemental attorney fees is discussed first, as the amount of fees awarded will be incorporated into the calculation of funds to be distributed as discussed in the next section.

[2] On March 28, 2025, Defendants filed a motion for leave to file a supplemental objection to Plaintiff's second motion for supplemental attorney fees. (Dkt. 189.) Defendants argue leave to file the supplement is warranted in the interest of fairness and because the time for responding to the motion for attorney fees was shortened without any motion to shorten time. The motion for leave is denied to the extent it is based on the shortening of the response time. The Court may shorten time upon a finding of good cause without a motion being filed under Dist. Idaho Loc. Civ. R. 6.1, which states: "the Court, for cause shown, may at any time, with or without motion or notice, order the period be shortened or extended." (Dkt. 183); *see also* Dist. Idaho Loc. Civ. R. 54.2(b) (setting the briefing timeframe attorney fees motions unless the court orders otherwise). However, the Court will grant the motion for leave to file the supplemental objection in the interest of fairness and will consider the supplemental filing without any response, as Plaintiff is not prejudiced given the ruling stated herein.

**MEMORANDUM DECISION AND ORDER – 2**

address Defendants' supplemental objection to the filing of the motion, and will then address the motion for supplemental attorney fees.

In their supplemental objection, Defendants argue Plaintiff's second motion for supplemental attorney fees should be denied because it contravenes and arguably violates the parties' joint memorandum regarding further proceedings on remand, the Court's order adopting the same, and the Local Civil Rules. (Dkt. 188.) The Court disagrees with each of Defendants' contentions. Nothing in the joint memorandum or the Court's orders limited the parties from filing a motion for supplemental attorney fees as Defendants argue. (Dkt. 168, 171, 172, 178.) Thus, neither waiver nor judicial estoppel applies. Likewise, Plaintiff's second motion for supplemental attorney fees does not contravene Local Civil Rule 54.2, because the Court ordered the fact finding process applicable to the motion and set a specific briefing schedule. (Dkt. 183); Dist. Idaho Loc. Civ. R. 54.2(a) ("Attorney fees will only be allowed upon an order of a judge of the Court <u>after such fact-finding process as the judge orders.</u>"). For all of these reasons, the Court finds Defendants' supplemental objection does not warrant denial of Plaintiff's second motion for supplemental attorney fees, which the Court takes up below.

### A. Legal Standard

"State law establishes the required showing for attorney's fees in an action in diversity." *Winterrowd v. American General Annuity Ins. Co.*, 556 F.3d 815, 827 (9th Cir. 2009). Idaho Rule of Civil Procedure 54(e)(1) provides that "[i]n any civil action the court may award reasonable attorney fees, including paralegal fees, to the prevailing party…, when provided for by any statute or contract." What constitutes a reasonable fee is a

**MEMORANDUM DECISION AND ORDER – 3**

discretionary determination for the trial court, to be guided by the criteria of Idaho Rule of Civil Procedure 54(e)(3), as follows:

 (A) the time and labor required;
 (B) the novelty and difficulty of the questions;
 (C) the skill requisite to perform the legal service properly and the experience and ability of the attorney in the particular field of law;
 (D) the prevailing charges for like work;
 (E) whether the fee is fixed or contingent;
 (F) the time limitations imposed by the client or the circumstances of the case;
 (G) the amount involved and the results obtained;
 (H) the undesirability of the case;
 (I) the nature and length of the professional relationship with the client;
 (J) awards in similar cases;
 (K) the reasonable case of automated legal research (Computer Assisted Legal Research), if the court finds it was reasonably necessary in preparing a party's case;
 (L) any other factor which the court deems appropriate in the particular case.

The Court must consider all of the factors listed in Rule 54(e)(3), but is not required to make specific findings as to each one. *Smith v. Mitton*, 104 P.3d 367, 376 (Idaho 2004) ("When considering the factors, courts need not demonstrate how they employed any of those factors in reaching an award amount."). The Court may not single out or give undue weight to any one factor such as to exclude the other factors listed in Rule 54(e)(3). *Sun Valley Potato Growers, Inc. v. Texas Refinery Corp.*, 86 P.3d 475, 483 (Idaho 2004). The Court possesses considerable discretion in determining the reasonableness of an attorney fees request. *See Webb v. Ada Cty.*, 195 F.3d 524, 526 (9th Cir. 1999); *Bronco Elite Arts & Athletics, LLC v. 106 Garden City, LLC*, 534 P.3d 558, 578 (Idaho 2023) (quoting *Sun Valley Potato Growers*, 86 P.3d at 483)).

**MEMORANDUM DECISION AND ORDER – 4**

B.  Analysis

   i.  Prevailing Party

"The determination of whether a party prevailed for purposes of an attorney fee award is a discretionary decision of the trial court." *Allen v. Campbell*, 492 F.3d 1084, 1088 (Idaho 2021) (quoting *Wadsworth Reese, PLLC v. Siddoway & Co., PC*, 445 P.3d 1090, 1095 (Idaho 2019)). Idaho Rule of Civil Procedure 54(d)(1)(B) governs the prevailing part inquiry and provides:

> In determining which party to an action is a prevailing party and entitled to costs, the trial court must, in its sound discretion, consider the final judgment or result of the action in relation to the relief sought by the respective parties. The trial court may determine that a party to an action prevailed in part and did not prevail in part, and on so finding may apportion the costs between and among the parties in a fair and equitable manner after considering all of the issues and claims involved in the action and the resulting judgment or judgments obtained.

*Allen*, 492 F.3d at 1089. The Court must "consider, among other things, how well each party prevailed relative to the 'final judgment or result.'" *Id.* (quoting *Hobson Fabricating Corp. v. SE/Z Const., LLC*, 294 P.3d 171, 175 (Idaho 2012)). "The prevailing party question is examined and determined from an overall view, not a claim-by-claim analysis." *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.*, 117 P.3d 130, 133 (Idaho 2005) (considering claims and counterclaims between multiple plaintiffs and defendants requires examination of the extent to which each party prevailed).

Here, the Court has found Plaintiff to be the overall prevailing party in this litigation and has awarded Plaintiff attorney fees for pre-judgment work in the amount of the requested contingency fee, and supplemental attorney fees at hourly rates for post-judgment work, consistent with the fee Agreement between Plaintiff and his counsel and Idaho Rule

**MEMORANDUM DECISION AND ORDER – 5**

of Civil Procedure 54. (Dkt. 155, 165, 178.). On this motion, the Court finds Plaintiff remains the overall prevailing party post-remand despite not succeeding on all of his positions on appeal or following remand. (Dkt. 165, 178.) As previously determined, Plaintiff prevailed in total on the breach of contract claim, the gravamen of this lawsuit; the Ninth Circuit affirmed the majority of the determinations on appeal, with the exceptions of the IWCA and fringe benefits; and Plaintiff prevailed in the post-judgment proceedings. (Dkt. 165, 178.) Following remand, Plaintiff remains the prevailing party for the reasons previously articulated. (Dkt. 178.) The final judgment and result of this litigation plainly favor Plaintiff, given the jury verdict, rulings by the Court, and the significant award of damages. Plaintiff is therefore entitled to an award of reasonable attorney fees for work performed post-remand, as determined below. (Dkt. 165, 178).

      ii.    **Reasonableness of the Attorney Fees**

Preliminarily, the Court addresses Defendants' contention that awards of both a contingency fee and an hourly fee are unreasonable. (Dkt. 186 at 4.) The Court finds the awards of hourly fees for post-judgment and post-remand work in addition to the contingency fee award is reasonable in this case. The fee Agreement between Plaintiff and his attorneys provides for precisely this scenario. (Dkt. 124-2, Dec. Howell at ¶¶ 8-11.) The hybrid fee arrangement is appropriate and reasonable in this case. (Dkt. 124-4, Dec. Rossman at ¶ 5.) The Court carefully considered the contingency fee and the hybrid fee arrangement in its decisions awarding Plaintiff attorney fees. (Dkt. 155, 165, 178.)[3] To

---

[3] The Court considered and discussed the contingency fee and the hybrid fee arrangement in its decisions awarding attorney fees, thereby distinguishing this case from the case relied on by

**MEMORANDUM DECISION AND ORDER – 6**

reiterate, the hybrid fee arrangement is reasonable in this case given the nature of the claims, the representation involved in litigating the claims, the results achieved, the risks and considerations taken in representing Plaintiff, and the particular factual and procedural circumstances presented in this case. (Dkt. 124-2, 155, 165, 178.) Most notably, the hybrid fee arrangement is reasonable and appropriate in this case as the contingency fee properly addresses the risks in representing Plaintiff through trial and the hourly rate for post-judgment matters applies to the work required to collect on the judgment, which has been extensive.

Turning to the post-remand fees requested in this motion, the Court finds the rates charged by the attorneys - $325 and $400 - are reasonable and consistent with rates charged for similar cases in this area. (Dkt. 182-2, Dec. Howell.) As to the particular hours billed, the Court finds as follows.

The time and labor claimed by Plaintiff's counsel for the post-judgment matters totals 60.4 hours by two attorneys – John M. Howell and Jarod M. Zimmerman - for a total amount of $23,297.50 in fees requested. (Dkt. 182-2, Dec. Howell.) The work reflected in the billing records was performed between December 4, 2024 and March 3, 2025, a period of approximately 3 months.

The parties agree the billing records incorrectly report 1.30 hours of work performed by Mr. Zimmerman on January 8, 2025. (Dkt. 186, 187.) Accordingly, the Court will deduct $422.50 from the total fee awarded.

---

Defendants—*Burns Concrete, Inc. v. Teton Cnty*, 483 P.3d 985, 1005-06 (Idaho 2020). (Dkt. 186 at 4, n. 1.)

**MEMORANDUM DECISION AND ORDER – 7**

The Court finds there is duplication in time billed for reviewing filings by the two attorneys. While some collaboration can be appropriate, the Court finds the duplication of time spent reviewing the same documents is unreasonable here given the lengthy record and the attorneys' familiarity with the case. Accordingly, the Court will reduce the amount of fees awarded by $422.50.[4]

During the outset of the post-remand proceedings, December 4, 2024 to December 27, 2024, Plaintiff expended 5.7 hours, totaling $2,272.50 in attorney fees, for tasks related to the stipulation to modify the security amount and filing the joint memorandum on post-remand issues. These tasks were necessary to address the security following remand, to identify the issues on remand, and to coordinate with opposing counsel regarding how the parties would proceed following the remand. As discussed below, however, the Court finds Plaintiff is not entitled to attorney fees for hours spent on certain of the post-remand issues – including, the calculation of interest. While these 5.7 hours may include some preliminary work by Plaintiff's counsel relevant to the calculation of interest, the Court finds this preliminary work was necessary during the early phase of the post-remand proceedings to identifying the issues on remand. The Court has identified hours expended later that are more directly related to Plaintiff's work on the issues upon which he did not prevail that will be deducted. For these reasons, the Court finds the 5.7 hours of post-remand preliminary work are reasonable and appropriate, and will be awarded.

---

[4] This amount is consistent with the 1.3 hours billed by Mr. Zimmerman identified in Defendants' response brief. (Dkt. 186 at 5-6.)

**MEMORANDUM DECISION AND ORDER – 8**

The Court further finds the time billed relevant to attorney fees is reasonable. The attorney fee issues were not particularly novel or difficult, nor did they necessitate an attorney with particularized skill, experience, or ability. However, the parties' diverging applications and arguments relevant to attorney fees in this case were somewhat unique and addressing the issue was significantly more involved given the facts and record.

Moreover, this was an important and highly contested issue on remand. The determinations relevant to the prevailing party and the award of attorney fees impacted the final amount awarded to Plaintiff, and necessarily required substantial work by counsel. Indeed, Defendants expended the majority of their post-remand briefing contesting whether Plaintiff is the prevailing party and entitled to any attorney fees. (Dkt. 176.) Consequently, the bulk of Plaintiff's remand briefing was devoted to rebutting the challenges to an award of attorney fees. (Dkt. 175, 177.) Thus, the majority of the attorneys' work on remand related to the attorney fees issues.

The Court has carefully reviewed the billing records submitted by Plaintiff's counsel and identified fees totaling $11,348.75 that were reasonably and necessarily incurred for work performed by Plaintiff's counsel post-remand relevant to the attorney fees issue. *Lettunich v. Lettunich*, 185 P.3d 258, 264 (Idaho 2008). The Court finds this amount of fees is appropriate given Defendants' challenges to any award of attorney fees and the impact of the issue on the case.

However, the Court will not award Plaintiff attorney fees for the time spent researching and drafting arguments relevant to the issues of law of the case, waiver, and the calculation of interest. Plaintiff was largely unsuccessful on these issues, as Plaintiff's

**MEMORANDUM DECISION AND ORDER – 9**

arguments were without support in the record or the law. (Dkt. 178.) Calculation of pre-judgment and post-judgment interest is not novel and was unnecessarily overcomplicated in this litigation, at least in part, by assertions of unsupported positions. For these reasons, the Court finds, in its discretion, that the attorney fees relevant to these issues upon which Plaintiff did not prevail are unreasonable and should be deducted from the award of second supplemental attorney fees. The Court has carefully reviewed the billing records and identified $8,831.25 in attorney fees expended for time spent on these issues that will be deduced from the second award of supplemental attorney fees.

As to the Rule 54(e)(3) factors considering the skill and experience of the attorneys, and the prevailing charges for like work, the Court finds the hourly rates charged by Plaintiff's counsel are comparable to the reasonable hourly rates of attorneys of similar experience and similar work in this area. (Dkt. 124-4, Dec. Rossman; Dkt. 158-2, Dec. Howell; Dkt. 182-2, Dec. Howell.) Mr. Howell is a partner with approximately 24 years of experience litigating and consulting in employment law cases. Mr. Zimmerman is an associate with seven years of experience in civil litigation. Mr. Howell's standard hourly billing rate is $400 and Mr. Zimmerman's is $325. Mr. Howell has worked on the case since its inception four years ago, and Mr. Zimmerman became involved in the case shortly before trial and assisted with all pre-trial matters, the jury trial, and all post-trial matters. (Dkt. 158-2, Dec. Howell; Dkt. 182-2, Dec. Howell.)

The amount involved and the results obtained weighs in favor of awarding Plaintiff reasonable second supplemental attorney fees as found herein. As discussed above, Plaintiff is the prevailing party in this case. The amount involved and awarded to Plaintiff on his

**MEMORANDUM DECISION AND ORDER – 10**

claims is substantial. The work performed by Plaintiff's counsel on the post-remand matters relevant to the security amount, identifying the issues on remand, and attorney fees was necessary and appropriate. The hours expended relevant to the issues and arguments upon which Plaintiff was unsuccessful will be deducted as stated herein.

### iii.   Conclusion

In sum, the Court considered all of the Rule 54(e)(3) factors. The most relevant factors to its determination of the reasonableness of the amount of a second supplemental attorney fees award are discussed above. As to the factors not expressly discussed, the Court finds they either do not apply or do not affect its determination. Specifically, there were no time limitations imposed on counsel beyond typical filing deadlines; there was no relationship between Plaintiff and his counsel prior to this case; and neither side argues the cost of automated legal research affects the reasonableness of the fees requested. Further, the fee Agreement provides for an hourly rate for post-judgment matters, which does not weigh for or against the reasonableness of the fees requested in this case.

After considering all of the Rule 54(e)(3) factors, the Court will exercise its discretion and award Plaintiff $13,621.25 in second supplemental attorney fees for the work performed by counsel post-remand, as discussed herein. Accordingly, Plaintiff's supplemental motion for attorney fees will be granted in part and denied in part. The amount of second supplemental attorney fees will be added to the final amount to be distributed to Plaintiff from the security funds.

**MEMORANDUM DECISION AND ORDER – 11**

## 2. Disbursement of Security Funds

On December 31, 2024, Defendants deposited $1,650,000 in the Court Registry Investment System (CRIS) to serve as security pending resolution of the case. (Dkt. 170.) On March 3, 2025, the Court entered a Memorandum Decision and Order and a Second Amended Judgment resolving the case on remand. (Dkt. 178, 179.)

On this motion, Plaintiff requests an order allowing withdrawal of funds currently being held in the CRIS in the amount of $1,400,000.00, as that is the sum Plaintiff anticipates will satisfy the amount of the Second Amended Judgment. (Dkt. 180.) Notably, Plaintiff's motion states that "any remainder will be sent to Defendants through their counsel." (Dkt. 180 at 2.)

Defendants filed a conditional non-opposition to the motion. (Dkt. 184.) Defendants do not oppose distribution of the funds held in the CRIS, so long as Defendants are refunded $250,000 simultaneously to the time funds are paid to Plaintiff at the correct post-judgment interest rate of 4.12%. Defendants further reserved their right to oppose Plaintiff's Second Motion for Supplemental Attorney Fees. (Dkt. 184.) Plaintiff does not object to a proper request by Defendants to withdraw funds, so long as a sufficient balance remains to satisfy the amount of the judgment and any award of supplemental attorney fees. (Dkt. 185.) The Court finds as follows.

The Second Amended Judgment contains a clerical error, as the correct post-judgment interest rate is 4.12%. 28 U.S.C. § 1961. The Court will enter a corrected Third Amended Judgment reflecting the correct post-judgment interest rate, and will incorporate

the second supplemental award of attorney fees found herein.[5] Fed. R. Civ. P. 60(a). Applying the 4.12% interest rate to the principal amount of the judgment –$1,392,364.18 – the daily post-judgment interest rate is $157.17. Post-judgment interest from March 4, 2025 to the date of this Order, March 28, 2025 (25 days), totals $3,929.25.[6] The combined amount of the judgment and post-judgment interest is $1,396,293.43, exclusive of the second supplemental award of attorney fees. The final total amount to be disbursed to Plaintiff, including the second award of supplemental attorney fees, is $1,409,914.68.

Pursuant to Dist. Idaho Loc. Civ. R. 67.2(a), the Court will order that the entire amount of the funds in the CRIS for Receipt #100052500 be withdrawn and be disbursed as specified in this Order. *See* Dist. Idaho Loc. Civ. R. 67.2(a) (Funds may be withdrawn upon an order of this Court specifying the amounts to be paid and names of any persons or company to whom the funds are to be paid). Disbursement will be made to Plaintiff in the amount of $1,409,914.68, with the remainder disbursed to Defendants.[7]

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that Plaintiff's Second Motion for Supplemental Attorney Fees (Dkt. 182) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff is awarded **$13,612.25** in second supplemental attorney fees.

---

[5] Defendants were provided the opportunity to object to those fees, as discussed above.

[6] Calculated as follows: $1,392,364.18 x .0412 = $57,365.40 / 365 = $157.17 (daily interest), accruing from the date of March 4, 2025, to the date of this order (25 days), totaling $3,929.25.

[7] Because the amount of any interest accrued on the security funds is unknown, the Court cannot and has not identified the exact amount to be paid to Defendants.

**MEMORANDUM DECISION AND ORDER – 13**

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to File Supplemental Objection (Dkt. 189) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Disbursement of Funds (Dkt. 180) is **GRANTED**. The Court **ORDERS** the withdrawal of funds from the Court Registry Investment System for Receipt #100052500, to be disbursed as follows:

1. Plaintiff shall be paid funds in the amount of $**1,409,914.68**, made payable to:

    Powers Farley, P.C.
    702 W. Idaho St., Suite 700
    Boise, ID 83702

2. Defendants shall be paid all remaining funds, made payable to:

    Brassey Crawford, PLLC
    345 Bobwhite Court, Suite 215
    P.O. Box 1009
    Boise, ID 83701-1009

**IT IS FURTHER ORDERED** that the Clerk of Court shall **CLOSE** this case.

DATED: March 28, 2025

_____
Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER – 14**